Rupert J. Bamash and Mildred Bamash, His Wife, Appellants, *v.* Zoning Board of Adjustment, Appellee.

Argued October 5, 1973, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Carl K. Zucker*, with him *Reuben E. Cohen* and *Cohen, Shapiro, Polisher, Shiekman & Cohen*, for appellants.

*James M. Penny, Jr.*, Assistant City Solicitor, with him *John Mattioni*, Deputy City Solicitor, and *Martin Weinberg*, City Solicitor, for appellee.

OPINION BY JUDGE MENCER, January 10, 1974:

This is an appeal from the order of the Court of Common Pleas of Philadelphia which affirmed the Zoning Board of Adjustment (Board) in its decision refusing the application of Rupert J. and Mildred Bamash (hereinafter referred to as Bamash) for a variance.

Bamash had proposed to convert the garage on his property at 1843 North 72nd Street in Philadelphia to a dentist's office. The property, with a garage and a one-story, one-bedroom residence thereon, is zoned "R-1" Residential. Section 14-202 of the Philadelphia Zoning Code (Code) does not permit a dentist's office in an "R-1" Residential Zone.

The Board, after a hearing, refused to grant the application for a variance. It found that Bamash had

failed to present evidence to meet the criteria for the grant of a variance as provided under Section 14-1802 of the Zoning Code. On appeal, the Court of Common Pleas, without taking additional evidence, affirmed the decision of the Board. This appeal followed.

In a zoning case in which the court below heard no additional testimony, our review is limited to a determination of whether the Board abused its discretion or committed an error of law. *The Boulevard Land Corporation v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 584, 303 A. 2d 234 (1973).

Bamash's appeal consists of two arguments. He first argues that all the criteria for a variance under the Code were satisfied and, therefore, the Board erred as a matter of law in refusing to grant a variance. We do not agree.

Section 14-1802 of the Code has adopted as its criteria for the granting of a variance the criteria mandated by Pennsylvania case law. Myriad are the cases which hold that an applicant for a variance must prove that there exists unnecessary hardship unique or peculiar to his property and that the variance is not contrary to the public health, safety or general welfare. In addition, the courts have held that a variance should only be granted in exceptional circumstances and the burden of proving its need is a heavy one. *The Boulevard Land Corporation v. Zoning Board of Adjustment, supra.*

Bamash simply failed to sustain his burden of proof. The evidence he offered before the Board was insufficient to constitute unnecessary hardship. He offered no evidence to show that his property is unsuited for the residential purpose for which it is zoned. Indeed, there was evidence showing that this property is presently being used as a residence. Also, there was no evidence offered to show that his property was unique as compared with other residences in the area.

The only evidence offered by Bamash was to the effect that he bought the property intending to use it as a dentist's office and in reliance on information given by a real estate broker and the son of the former owner that a dentist's office would be permitted by the zoning authorities. There was also testimony that he had spent a considerable amount of money in converting the garage into an office and that his contractor had done the work without first obtaining a permit.

While this evidence showed that Bamash will suffer some personal economic hardship from the refusal of the Board to grant a variance, this type of hardship does not merit the grant of a variance. This Court has often rejected economic considerations as sufficient grounds upon which to base the grant of a variance. *Drop v. Board of Adjustment*, 6 Pa. Commonwealth Ct. 64, 293 A. 2d 144 (1972). Personal hardships are also insufficient. *Szmigiel v. Zoning Board of Adjustment*, 6 Pa. Commonwealth Ct. 632, 298 A. 2d 629 (1972).

For all of the above reasons, we hold that the Board neither abused its discretion nor committed an error of law in refusing to grant a variance.

Bamash's second argument on appeal is an attack on the constitutionality of Section 14-202 as it applies to his property. However, this issue was not raised before the Board and, although it was made a part of Bamash's petition to the lower court for a writ of certiorari, the lower court failed to consider the constitutional question. Consequently, we are unable to decide it.

There are numerous cases holding that matters not raised in, or considered by, the tribunal below cannot be considered on appeal. *See Sojtori v. Zoning Hearing Board*, 6 Pa. Commonwealth Ct. 552, 296 A. 2d 532 (1972), and cases cited therein. The reason for such a rule is especially obvious in appeals to this Court in

zoning cases where the court below took no additional evidence. As mentioned above, our scope of review in these cases is limited to a determination as to whether the Board abused its discretion or committed an error of law. It is impossible to perform this review with regard to an issue which was never presented to the Board or considered by the lower court. This rule applies even though the matters not raised or considered involve constitutional questions. *Altman v. Ryan*, 435 Pa. 401, 257 A. 2d 583 (1969); *Wynnewood Civic Association v. Lower Merion Township Board of Adjustment*, 406 Pa. 413, 179 A. 2d 649 (1962)

However, on an appeal from a decision of a zoning board of adjustment which did not have any constitutional question concerning the validity of the zoning ordinance presented to it, the court below may, without taking additional testimony, consider and decide such constitutional question on the record made before the board. *Eller v. Board of Adjustment*, 414 Pa. 1, 198 A. 2d 863 (1964). Since here the constitutional question was raised, but not considered by the court below, we must remand for that court's determination of the question. This is necessary because, if we were to decide the constitutional question, we would be making the first determination of this issue on appellate review, and, if we were to refuse to do so and did not remand to allow the court below to make the initial determination, then the constitutional question, properly raised, would remain unconsidered.

We therefore issue the following

## ORDER

AND Now, this 10th day of January, 1974, the case is remanded to the Court of Common Pleas of Philadelphia for a consideration of the constitutionality of Section 14-202 of the Philadelphia Zoning Code as it applies to the property of Rupert J. Bamash and Mildred Bamash.