## Willistown Township v. Willistown Township Zoning Hearing Board

*Robert J. Shankin*, for appellant.
*Robert F. Adams*, for board.
*E. Craig Kalemjian*, for intervenors.

GAWTHROP, *J.*, May 13, 1980—This case comes before us on the appeal of Willistown Township from the decision of the Zoning Hearing Board of Willistown Township granting a variance to the owners of land in the Township from lot area and lot width requirements, and from the strict application of the flood plain map and flood plain zoning regulations. The township, in seeking reversal of the board's issuance of a building permit, alleges that the grant of variance was arbitrary, capricious, an abuse of discretion, and contrary to law.

## FACTS

J. Blair Kennerly and Hazel D. Kennerly are the owners of two adjoining lots in Willistown Township. Lot no. 1, the subject of this appeal, they purchased in 1951. In 1949 they had purchased Lot no. 2 where they live. In 1976, desiring to sell Lot no. 1 and having been informed that the township believed their purchase of Lot no. 1 to work a merger of the two lots, they filed an application for subdivision with the township planning commission. The commission having failed to act on the application within 90 days of its submission, the application for

subdivision is deemed approved by operation of law. See the Municipalities Planning Code of July 31, 1968, P.L. 805, art. V, sec. 508, as amended, 53 P.S. § 10508. They presently desire to sell Lot no. 1 to Rocco J. Mastrococa, and pursuant to this plan, Mr. Mastrococa applied for a building permit for the lot in question. The application was refused on October 13, 1978 by the building and zoning officer for the following reasons: (1) that the lot fails to conform to the minimum size required by the zoning ordinance; and (2) that "a large portion of it is in the existing flood plain and seasonally wet potentially floodable soils."

The lot area and width requirements are set forth in section 702 of the Willistown Township Zoning Ordinance: a lot in a residential district on which a principal building is sought to be built must be one acre in area and 150 feet in width. The lot here in question is 146.85 feet in width, and contains 40,000 square feet, slightly less than one acre.[1] The board found that when the Kennerlys bought the lot in 1951, it measured exactly one acre, and that its present deficiency in area was most likely caused by the township's changed definition of lot measurements: the lot when measured to the centerline of the road it borders is exactly one acre, but the ordinance presently requires that a lot be measured to the street line only.[2] The board concluded that the scope, extent and character of the variance sought were de minimis, and, finding the remaining re-

---

1. An acre is 43,560 square feet.

2. The present ordinance was adopted by Willistown Township on April 25, 1961.

quirements for the grant of a variance to be met,[3] granted the same. With respect to the flood plain issue, the board found that although the flood plain map of Willistown Township showed Lot no. 1 to be partially official flood plain and partially seasonally wet potentially floodable soils, the accuracy of the flood plain map with respect to this lot was effectively rebutted. The board found that the scale of the map made its application to the lot in question imprecise and difficult, and found more helpful and persuasive the testimony of the Kennerly's expert, Robert H. Pucienik, a registered professional engineer. Although they did not find that the re-

---

3. These are set forth in section 912 of the Pennsylvania Municipalities Planning Code, 53 P.S. §10912: ". . . (1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located; (2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property; (3) That such unnecessary hardship has not been created by the appellant; (4) That the variance, if authorized, will not alter the essential character of the neighborhood, or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and (5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

"In granting any variance, the board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this act and the zoning ordinance."

quirements for granting a traditional variance were shown, they granted a "validity variance" pursuant to sections 912(1) and (2) of the Municipalities Planning Code, 53 P.S. §10912.

## ISSUE

Did the Kennerlys present evidence establishing their entitlement to the two variances granted by the board? We hold that they did, and that the grant of variance was a proper exercise of the board's discretion.

## DISCUSSION

1. Dimensional variances

Our Commonwealth Court has held that de minimis variances from dimensional requirements are not necessarily subject to the strict requirements applied to other applications for variance, but rather that the various zoning hearing boards have substantial discretion in this area:

"'[A] zoning board may have power to grant a variance where the variance sought is "de minimis" and the public interest is not affected, even though the traditional grounds for a variance have not been established. This makes sense, for there is no invasion of the legislative function in a minor dimensional variance of the type involved in the Pyzdrowski decision. It would seem appropriate, however, for the courts to leave the question of whether to grant such variances to the zoning boards.'" West Bradford Township v. Evans, 35 Pa. Commonwealth Ct. 167, 171, 384 A. 2d 1382, 1384 (1978), quoting Ryan, Pennsylvania Zoning Law and Practice §6.2.1.

The township does not dispute that the dimensional variance here at issue is de minimis. Rather, its principal claim is that the traditional burden established by 53 P.S. § 10912 (see fn. 3), has not been met. We conclude, based on the foregoing language from West Bradford Township v. Evans, supra, that the traditional burden is not applicable in this concededly de minimis situation. The Township further claims that the de minimis rule is not applicable except to protect a pre-existing structure, citing Ottaviano v. Zoning Board of Adjustment of Philadelphia, 31 Pa. Commonwealth Ct. 366, 376 A. 2d 286 (1977). We consider that reliance to be misplaced. In Ottaviano the board had allowed a variance permitting the addition of a greenhouse which would have totally eliminated the applicant's open area, required to be 30 percent of the lot. There was also direct and unrebutted evidence that the greenhouse would affect adversely the supply of light and air to adjacent lots. The Commonwealth Court, reversing the board, concluded that the proposed deviation, which would eliminate the backyard from a then conforming property, was not de minimis. Although a further ground for the court's holding was the absence of the practical difficulty and economic waste created when an existing structure must be modified, the court's essential concern was the need for open space in a congested urban setting. Here, where the proposed deviation from the one acre requirement is minimal, no such issue is involved. Ryan, supra, in § 6.3.1 of the 1979 Supplement, has addressed this question: ". . . what if the requested variance is a matter of inches, or a foot or two, and enforcement of the ordinance would not require the removal of the structure?" The West Bradford Township case, supra, suggests that even

there the board has power to grant a minor variance if the owner has a substantial reason for requesting it, even though that reason does not rise to the level of traditional "unnecessary hardship."

Accordingly, we have concluded that the board's decision to grant the Kennerlys a variance from the applicable dimensional requirements was an appropriate exercise of their discretion.

2. Variance from flood plain requirements.

The board's grant of variance as to the flood plain map was based on their assessment of the township's flood plain map which they found unreliable and possibly imprecise. The township's objection is that the proof of entitlement to a validity variance was not presented by the Kennerlys.

A validity variance is the appropriate remedy where an ordinance is found to be confiscatory of property because it denies an owner every reasonable use of a lot, or because its provisions are clearly arbitrary and unreasonable, and have no substantial relationship to the public health, safety, and welfare. See Township of Neville v. Exxon Corp., 14 Pa. Commonwealth Ct. 225, 322 A. 2d 144 (1974).

We believe that to apply the flood plain map to this property when it was testified to as imprecise[4] would be unreasonable and confiscatory. Accordingly, we enter the following

## ORDER

The decision of the zoning hearing board is hereby affirmed.

---

4. Which imprecision is plainly evident from observing the exhibit, T-2.