In Re: Application of Burroughs Corporation. Burroughs Corporation, Appellant.

Submitted on briefs October 8, 1980, to Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Michael Sklaroff,* with him, *Robin P. Lincoln,* of counsel, *Schnader, Harrison, Segal & Lewis,* for appellant.

*W. Robert Landis,* with him, *Justin J. McCarthy* of counsel, *Landis & Wusinich,* for appellee.

OPINION BY JUDGE ROGERS, November 14, 1980:

Burroughs Corporation asks us to review a decision of the Court of Common Pleas of Chester County which reversed the grant to Burroughs of a variance by the Zoning Hearing Board of East Caln Township.

The facts are not in dispute. Burroughs leased from another a building which it intended to use for warehousing; that is, for storage, inspection, and repair of electronic data processing system components to be sold elsewhere. The zoning regulations applying in the C-1 Commercial Zoning District in which the building was located permitted warehousing only in combination with on-premises retail sales; the latter being an activity which Burroughs had no intention to engage in. After renovating the leased premises, apparently in ignorance of the true state of East Caln's regulations, Burroughs applied for but was denied a use and occupancy permit. Burroughs then applied to the Zoning Hearing Board for a variance which would allow it to engage in the activities above described without retail selling. The Board granted the variance on the ground that the accommodation of Burroughs by varying the provision of the township zoning ordinance from that of the allowance of warehousing in combination with retail sales to an allowance of warehousing alone, would constitute only a de minimis deviation from the requirements of the Zoning Code. The Court of Common Pleas of Chester County reversed the action of the Zoning Hearing Board, holding that it was an error of law to apply the de minimis rule in the circumstances of this case. This appeal followed and we affirm the court's order.

East Caln Township raised below, without obtaining an answer, and raises here, a question as to Burroughs' standing as a lessee to apply for a variance. Section 914 of The Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*,

516

53 P.S. §10914, provides that requests for variances may be filed with zoning hearing boards by "any tenant with the permission of [the] landowner". The township says that Burroughs has not shown that it had the permission of the landowner to request the variance. We believe that the record shows otherwise. Burroughs' lease provides the following concerning the use of the premises:

> LESSEE shall use the premises for the sale, demonstration, manufacturer, storage and repair of business equipment, accessories and supplies, and for other general business activities. LESSEE shall not use or occupy, or permit the premises to be used or occupied, in any unlawful manner or for any illegal purpose or in such manner as to constitute a nuisance.

This description of the uses to which Burroughs was thereby empowered to put the property cannot, we believe, be read as requiring Burroughs to conduct all of the listed activities on the premises; rather its intentment clearly is that Burroughs might use the premises for any one or more of the activities mentioned as it chose. Hence, it was lawful under the lease for Burroughs to engage in storage in the leased premises without also engaging in retail sales. The lease also requires that Burroughs not use the premises in an unlawful manner, which would have been the case if it had used the property for permitted storage without at the same time conducting on-premises sales. In order to make lawful what it was permitted under the ordinance to do, that is, storage without retail sales, Burroughs was required to seek the variance. Hence, the lease constituted the landlord's permission in advance to apply for a variance if necessary so that it might lawfully use the property for the purposes agreed to by the parties to the lease. It is noted that the lease permits the use of the premises

for manufacturing, a use which it was apparent would not be permitted in this C-1 Commercial Zoning District. Surely this imported the landowner's permission to seek relief if Burroughs had desired to engage in manufacturing. Burroughs had standing.

We agreed with the court below that the Zoning Hearing Board committed error in holding this variance to be justified. The Board expressly disavowed reliance on any traditional ground for variance and, as we have noted, held that the grant of relief would represent only a de minimis deviation from the ordinance. The principle of de minimis variance to which the Board has reference is one which has been applied in a few cases to lighten the burden on applicants for variances when only minor deviations from *dimensional* requirements of ordinances have been sought. *See, for example: Pyzdrowski v. Pittsburgh Board of Adjustment*, 437 Pa. 481, 263 A.2d 426 (1970); *Moyerman v. Glanzberg*, 391 Pa. 387, 138 A.2d 681 (1958); *Crawford Zoning Case*, 358 Pa. 636, 57 A.2d 862 (1948). In *Gottlieb v. Lower Moreland Township*, 22 Pa. Commonwealth Ct. 365, 349 A.2d 61 (1975), we pointed out with reference to the cases just cited that the courts were there concerned with the fact that literal enforcement of the ordinance would require in each instance moving an entire building, or were convinced that the insistence on rigid compliance was not absolutely necessary to preserve the public policy sought to be obtained. Indeed, in *Gottlieb,* we reversed a lower court's allowance of the variance, with the effect that the losing property owner was required to remove some of the appurtenances of his swimming pool.

Unlike any of the cases heretofore approving de minimis variances, this involves a variance with respect to the use of property, not lot size or dimensions. There is now no precedent for the grant of a use

variance founded on the de minimis rule. We wrote in *Cook v. Zoning Hearing Board of Ridley Township,* 47 Pa. Commonwealth Ct. 160, 163, 408 A.2d 1157, 1159 (1979), "the effect upon the public interest of a use variance is ordinarily greater than the effect of a dimensional variance" and we agree with a notable authority in the field that ". . . it is difficult to conceive of a use variance which would be truly 'de minimis'." R. Ryan, Pennsylvania Zoning Law and Practice, Section 6.3.1 (Supp. 1979).

Finally, we record that during the delay occasioned by the lawsuit the term of Burroughs lease expired and, as we understand, Burroughs no longer occupies the building. Since Burroughs contended that agents of the landlord had represented that the use it intended—storage without sales—was permitted and, as we understand, the landlord owns other similar buildings in the vicinity, we considered it appropriate to write this opinion.

Order affirmed.

### Order

And Now, this 14th day of November, 1980, the order of the Court of Common Pleas of Chester County, made July 19, 1979, is affirmed.