Susan Heilman et al., Appellants *v.* Zoning Board of Adjustment of Philadelphia County and Nazareth Baptist Church, Appellees.

158

Argued March 4, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*D. Bruce Hanes, Shein & Brookman, P.A.*, for appellants.

*Richard J. Goldstein, Cohen, Shapiro, Polisher, Shiekman and Cohen,* for intervening appellee, Nazareth Baptist Church.

OPINION BY JUDGE DOYLE, September 23, 1982:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County which affirmed, without the taking of additional evidence, the granting of certain variances by the Philadelphia Zoning Board of Adjustment (Board). For the reasons which follow, we will reverse.

In April of 1979, the Nazareth Baptist Church (Church) applied for, and was denied, a permit to erect a 614 seat church on a parcel of land located in an area of Philadelphia zoned as an R-10 Residential district. The basis for this denial was that the church,

as proposed, failed to comply with the applicable minimum side yard setback[1] and parking requirements[2] of the Philadelphia Code (Code). In response to this denial, the Church applied to the Board for variances from these requirements, and at a public hearing on these requests, conducted on June 27, 1979, witnesses for the Church testified (1) as to the Church's prior attempts to obtain similar variances, (2) as to the Church's need for a new church building, and (3) as to the nature of the proposed building. The Church also presented the testimony of its architect who testified as to the proposed building's need for a dimensional variance, and the president of the Queen Village Neighbors Association, two Philadelphia City councilmen, and a local resident who expressed their approval of the proposed church building. Three objectors, Steward Heilman, Michael Legacki, and Kenneth Legacki also testified at this hearing. In their testimony, they expressed their concerns as to possible noise, traffic congestion, and fire safety problems which the new church building might create. After reviewing this evidence, the Board issued a Notice of Determination on July 6, 1979, which simply stated that the Board had decided to "grant a variance." The objectors before the Board,[3] the appellants here, subsequently appealed this determination to the court of common pleas on August 3, 1979, and in response to this appeal, the Board filed an opinion in support of its decision on December 17, 1979. In this decision, the Board reviewed the history of the case and the

---

[1] Section 14-211 of the Code establishes an eight foot side yard set back requirement for buildings "other than a dwelling" in R-10 zones.

[2] Section 14-1402 of the Code requires one parking space for every ten seating spaces in churches located in residential districts.

[3] Susan Heilman, Steward Heilman, Donna Legacki, Michael Legacki, Joan Leff, Ronald Leff and Michael Flynn.

testimony presented, and then concluded that the Church had satisfied each of the required criteria for a variance specified in Section 14-1802 of the Code without further analysis. Before the court of common pleas, however, the objectors asserted (1) that the Board was collaterally estopped from reaching this conclusion since the court of common pleas had reversed the granting of similar variances to the Church on two prior occasions, or, alternatively, (2) that the board abused its discretion in granting the present variances to the Church. The court of common pleas subsequently rejected both of these arguments and affirmed the granting of the variances. The present appeal followed.

Initially we note that

[w]here, as here, the court below has taken no additional evidence, our scope of review is limited to determining whether or not the Board committed an abuse of discretion or an error of law. If the Board's fact findings are unsupported by substantial competent evidence of record, it has committed an abuse of discretion.

*Lake Adventure, Inc. v. Zoning Hearing Board*, 64 Pa. Commonwealth Ct. 551, 555, 440 A.2d 1284, 1286-87 (1982) (citations omitted).

Before this Court, the appellants once again allege that the Board erred as a matter of law in granting the variances since it was collaterally estopped from doing so, or in the alternative, that the Board abused its discretion since there is not substantial evidence of record capable of supporting the granting of the variances here.

As to the appellant's collateral estoppel argument, we note that "[i]n order for the doctrine of collateral estoppel to apply, the issue or issues of *fact* determined in a prior action must be the same as those appearing

in a subsequent action.... " *Fincher v. Township of Middlesex*, 64 Pa. Commonwealth Ct. 355, 363, 439 A.2d 1353, 1357 (1982) (emphasis added). Here, the record shows that the court of common pleas reversed the granting of similar variances to the Church on two prior occasions because it concluded that the Church had failed to meet its burden of proof in each of its prior actions before the Board. Such determinations, however, are clearly not binding factual determinations which would preclude the Board from determining whether or not the Church met its burden of proof in its most recent applications for variances, and hence, we believe that the doctrine of collateral estoppel has no applicability to the present case.[4]

With respect to the appellants' assertion that there is not substantial evidence of record to support the Board's granting of variances in this case, however, after carefully reviewing the record in this case, we must agree that the Board abused its discretion.

Section 14-1802 of the Code specifies the criteria which an applicant must establish in order to obtain a variance in Philadelphia.

> Section 14-1802 of the Code has adopted as its criteria for the granting of a variance the criteria mandated by Pennsylvania case law. Myriad are the cases which hold that an applicant for a variance must prove that there exists unnecessary hardship unique or peculiar to his property and that the variance is not contrary

---

[4] Although the appellants did not raise the issue of res judicata before this Court, we note that we believe that there were sufficient differences between the church's present variance requests and its prior variance requests to preclude the application of the doctrine. *See Filanowski v. Zoning Board of Adjustment*, 439 Pa. 360, 266 A.2d 670 (1970); *DiBello v. Zoning Board of Adjustment*, 4 Pa. Commonwealth Ct. 546, 287 A.2d 856 (1972); R. Ryan, *Pennsylvania Zoning Law and Practice* §9.4.17.

to the public health, safety or general welfare. In addition, the courts have held that a variance should only be granted in exceptional circumstances and the burden of proving its need is a heavy one.

*Bamash v. Zoning Board of Adjustment*, 11 Pa. Commonwealth Ct. 420, 422, 313 A.2d 370, 371-72 (1974).

After carefully reviewing the record before us, we believe that the Church failed to present any evidence before the Board indicating that its present property could not be used for the purpose for which it is zoned without a dimensional variance. Although the Board failed to make any findings as to the dimensions of the property or the proposed church building, a drawing of the property involved submitted by the Church shows that full compliance with the code's eight foot side yard set back requirement would still permit the erection of a church building or a residential building of up to sixty feet in width, and the record is entirely devoid of any evidence indicating that such a width was unreasonably restrictive. Nor do we find any merit in the Church's argument, advanced in its brief to this Court, that a five foot variance from an eight foot set back requirement is a "de minimus" variation which absolves the Church from establishing the "traditional" criteria for the granting of a variance. *See West Bradford Township v. Evans*, 35 Pa. Commonwealth Ct. 167, 384 A.2d 1382 (1978). As we stated in *In Re: Application of Burroughs Corp.*, 54 Pa. Commonwealth Ct. 514, 422 A.2d 1183 (1980), in reviewing the line of cases establishing the de minimus rule, "the courts were there concerned with the fact that literal enforcement ... would require ... moving an entire building, or were convinced that ... rigid compliance was not absolutely necessary to preserve the public policy sought to be obtained." *Id.* at 517, 422 A.2d at 1185. Since none of these concerns are

present in this case, and since the record is entirely devoid of evidence of a unique hardship, we believe that the Board abused its discretion in granting the dimensional variance here. *Lake Adventure, Inc.*

Similarly, our review of the record also indicates a total lack of evidence as to how the Church's property is uniquely burdened with respect to the Code's off-street parking requirements. Although the Church emphasizes the fact in its brief to this Court that its proposal calls for twenty-three of the required sixty-two parking spaces whereas its current church building, apparently a pre-existing non-conforming use, provides no parking, it is clear that this fact does not entitle it to a variance since it in no way establishes a unique burden peculiar to the property involved. *Bamash.* A church may be lawfully required to make provisions for off-street parking and such a requirement does not violate constitutional rights of freedom of assembly and freedom of religion. *Appeal of Trustees of Congregation of Jehovah's Witnesses, Bethel Unit*, 183 Pa. Superior Ct. 219, 130 A.2d 240 (1957); *Allendale Congregation of Jehovah's Witnesses v. Grossman*, 30 N.J. 273, 152 A.2d 569 (1959).

Finally we note that the Church has challenged the standing of the appellants here since they were not objectors to the Church's prior attempts to obtain variances. The Church has cited no authority, however, and our research has failed to reveal any authority requiring them to be so.

Accordingly, we enter the following

ORDER

Now, September 23, 1982, the order of the Court of Common Pleas of Philadelphia County docketed at No. 5830 of the July Term of 1979, is reversed, and the Notice of Determination of the Zoning Board of

Adjustment of Philadelphia County dated July 6, 1979, granting the Nazareth Baptist Church dimensional and parking variances, is vacated.

Judge MENCER did not participate in the decision in this case.