Kensington South Neighborhood Advisory Council *v.* Zoning Board of Adjustment of Philadelphia et al. DeFelice Tropical Foods, Inc., Appellant.

Argued December 8, 1983, before Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Donald M. Moser, Peruto, Ryan & Vitullo,* for appellant.

*Richelle D. Hittinger, Adelman, Lavine, Krasny, Gold & Levin,* for appellee.

OPINION BY JUDGE MACPHAIL, March 1, 1984:

DeFelice Tropical Foods, Inc. (Appellant) has appealed from an order of the Court of Common Pleas of Philadelphia County which reversed a decision of the Zoning Board of Adjustment of Philadelphia (Board) and denied Appellant's application for a variance. We affirm.

Appellant is the equitable owner of a property located at 1301-11 North Second Street in Philadelphia. Appellant proposes to use the property, on which a vacant building is located, for the wholesale distribution of fresh produce. The property is located in a "C-2" commercial zoning district which permits the sale of fruits and vegetables at retail, but not at wholesale. Based on the fact that the Philadelphia Zoning Code (Code) does not permit Appellant's proposed use as of right in the "C-2" district, the Department of Licenses and Inspections denied Appellant's request for a use permit. Appellant, accordingly, applied for a variance with the Board which, after a hearing, granted the request. The Board concluded, *inter alia,* that the difference between the retail and wholesale dispensing of goods or merchandise is de minimis and that the proposed use would not adversely affect the public health, safety or welfare. On appeal,[1] the court of common pleas reversed, without taking additional evidence, based on its conclusion that Appellant had failed to show unnecessary hardship in support of its variance application.

Appellant argues before this Court that: 1) the Board was correct in granting the variance based on its conclusion that the distinction between retail and wholesale operations are de minimis or 2) that Ap-

---

[1] The Kensington South Neighborhood Advisory Council (Appellee) filed the appeal with the common pleas court.

pellant is entitled to the variance as a matter of right since the proposed use is the same or similar to a prior use allowed on the property by variance.

Our scope of review where, as here, the common pleas court has not taken additional evidence, is to review the Board's decision for abuse of discretion or legal error. *Heilman v. Zoning Board of Adjustment, Philadelphia County,* 69 Pa. Commonwealth Ct. 157, 450 A.2d 318 (1982).

Section 14-1802 of the Code provides twelve criteria for the Board to consider when ruling on a variance application. Of primary importance to the instant case is the requirement that the applicant demonstrate that "because of the particular physical surroundings, shape, or topographical conditions of the specific structure or land involved, a literal enforcement of the provisions of [the Code] would result in unnecessary hardship." Section 14-1802(1)(a) of the Code. The burden of proving unnecessary hardship can be met by a showing that (1) the property's physical characteristics are such that it cannot be used for any permitted purpose or can be so used only at prohibitive expense or (2) that the characteristics of the area around the property are such that the property has either no value or only a distress value for uses permitted by the Code. *Eighteenth & Rittenhouse Associates v. Zoning Board of Adjustment,* 26 Pa. Commonwealth Ct. 554, 364 A.2d 973 (1976). A variance should be granted in exceptional cases only and the applicant's burden of proving its need is heavy, *Fretz, Inc. v. Hilltown Township Zoning Hearing Board,* 18 Pa. Commonwealth Ct. 471, 336 A.2d 464 (1975).

In the instant case, Appellant clearly failed to show the requisite hardship. Appellant failed to

establish that the subject property cannot be used for any of the purposes permitted in the "C-2" district. Appellant failed to demonstrate that the area surrounding the property is such that compliance with the Code would render the property practically valueless. This was not a matter where the Board had to weigh conflicting evidence; Appellant simply did not present *any* evidence on this critical issue.

Appellant argues, however, that because the Board found that the difference between retail and wholesale dispensing of goods or merchandise is minor, the variance should nevertheless be granted. This Court has on rare occasions approved minor dimensional variances without requiring that the traditional grounds for a variance be met. *See, e.g., West Bradford Township v. Evans,* 35 Pa. Commonwealth Ct. 167, 384 A.2d 1382 (1978). Such variances have been allowed on the basis that a minor dimensional variation from the strict terms of the ordinance, when not adverse to the public interest, does not invade the legislative province. *Id.* There is no precedent, however, for approving a *use* variance based on the "de minimis" approach. *Application of Burroughs Corp.,* 54 Pa. Commonwealth Ct. 514, 422 A.2d 1183 (1980). The reason for our restriction of the "de minimis" rule is made clear by the instant case, where to apply the rule would subvert the legislative judgment reflected in the Code that uses involving sales at retail on the one hand and wholesale on the other are to be treated differently for zoning purposes.

Section 14-303(1)(b) of the Code provides that "the sale of goods or merchandise, shall be at retail" in the "C-2" district. Regarding the "C-3" commercial district, however, the Code provides in Section 14-304(c) that all uses permitted in the "C-2" district are

to be allowed except that "said uses may be conducted *at wholesale."* (Emphasis added.) Thus, for the Board to rule that the distinction between retail and wholesale operations is "de minimis" and may be ignored in considering variance applications, is to disregard the legislative judgment that such a distinction is significant to zoning in Philadelphia. Since no challenge has been made to that legislative judgment, we conclude that the Board erred in allowing a variation from the Code's use provisions without a showing of unnecessary hardship.

Appellant's final argument is that a variance should issue as of right because the proposed use is the same or similar to the prior use of the subject property for which a variance was issued. While it is not clear that Appellant has properly preserved this issue for appeal, we observe that the argument is without merit. The last use of the property was a commissary for the storage and preparation of food. We initially note that Appellant introduced no evidence from which it could be concluded that the prior use is the same as the proposed wholesale produce business. Absent such proof we fail to see how the prior use could affect the present variance application. It is clear that a prior variance does not create a nonconforming use which might be extended or altered under the terms of a zoning ordinance. *See Pierorazio Appeal,* 53 Pa. Commonwealth Ct. 593, 419 A.2d 221 (1980). The issuance of a variance allows only the use specifically authorized thereby. Approval of alterations in use, as here, require further action by the zoning authorities. R. Ryan, *Pennsylvania Zoning Law and Practice* §6.1 4 (1981). The fact that a prior variance was issued for this property does not in any way lessen Appellant's burden in the instant case.

Since Appellant has failed to satisfy his burden we conclude that a variance may not issue.

We note finally that Appellant's request for a remand for further hearing on the issue of hardship must be denied. Appellant has failed to allege that new evidence, not previously available, exists which would warrant a remand. We will not issue a remand merely to strengthen weak proofs. *See Anderson v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 582, 414 A.2d 774 (1980).

Order affirmed.

### Order

The order of the Court of Common Pleas of Philadelphia County, dated September 22, 1982, is hereby affirmed.