529 A.2d 99

Rollins Outdoor Advertising, Inc., Appellant *v.* Zoning Board of Adjustment, Appellee.

Submitted on briefs February 24, 1987, to President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*John F. Raimondi,* for appellant.

*Claudia M. Becker,* Chief Assistant City Solicitor, for appellee.

OPINION BY JUDGE BARRY, August 6, 1987:

This is an appeal by Rollins Outdoor Advertising, Inc. (Rollins), from an order of the Court of Common Pleas of Philadelphia County affirming the Zoning Board of Adjustment of the City of Philadelphia (Board) which denied Rollins' application for a variance. We affirm.

In April, 1980, Rollins applied to the Department of Licenses and Inspections (Department) for a building permit to erect a free-standing, back to back, decked, general advertising sign on property which it leased located in a "C-2" Commercial Zone. The plans submitted by Rollins showed that the sign would conform with the zoning code. The permit was granted and the sign was erected. However, upon subsequent inspection the De-

partment found the structure to be in violation of zoning and use restrictions as follows: 1) the sign was forty-three feet (43′) high in violation of Section 14-303(2)(r)(.5) of the Philadelphia Zoning Code[1] which limits free standing signs to thirty-five feet (35′); and 2) the sign was seventy-three feet (73′) from a residential district in violation of Section 14-303(2)(r)(.3) of the Philadelphia Zoning Code[2] which requires that such signs shall not be erected within seventy-five feet (75′) of residentially-zoned property.

Accordingly, in acting on Rollins' "Application for Zoning and/or Use Registration Permit," the Department issued both a use refusal and a zoning refusal. Rollins appealed the Department's refusals to the Board requesting a variance.

A public hearing was held on August 25, 1981, at which testimony was taken from both proponents and opponents of the sign. The Board denied Rollins' request for a variance from which decision Rollins appealed to the Court of Common Pleas of Philadelphia.

By consent decree dated November 10, 1981, Rollins agreed to correct the height violation. The height violation was subsequently remedied and by Or-

---

[1] §14-303(2)(r)(.5) of the Philadelphia Code provides in pertinent part:

(r) An outdoor advertising or non-accessory advertising sign as permitted in Chapter 14-1604; provided:

(.5) the maximum height for free-standing . . . signs shall be 35 feet above the average ground level at the base of the structure to the top of the sign. . . .

[2] §14-303(2)(r)(.3) of the Philadelphia Code provides in pertinent part:

(r) An outdoor advertising or non-accessory advertising sign as permitted in Chapter 14-1604; provided:

(.3) no sign face of 300 square feet or less in area shall be erected within 75 feet of any residentially-zoned property within the same block. . . .

der of Judge GREENBERG dated August 10, 1982, the matter was remanded to the Board for a determination on the issue of whether Rollins was entitled to a variance on *de minimis* grounds.

A public hearing was held on May 5, 1983, at which testimony was again taken from both proponents and opponents of the sign following which the Board made supplemental findings of fact and conclusions of law which resulted in the denial of Rollins' request for a *de minimis* variance. Rollins appealed the Board's decision to the Court of Common Pleas of Philadelphia which, without taking additional evidence, sustained the Board's decision and dismissed Rollins' appeal. Rollins appealed to this Court.

We must review the Board's decision denying the variance and also, its subsequent decision denying the variance on *de minimis* grounds.

Where, as here, the trial court, in reviewing a zoning appeal has taken no evidence beyond that presented to the zoning hearing board, the Pennsylvania Supreme Court has stated that:

> [T]he scope of our review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law. . . . [Citations omitted.] We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. 53 P.S. §11010 (1972); 2 Pa. C. S. §754(b). [Citations omitted.] By 'substantial evidence' we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. [Citations omitted.]

*Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 554-55, 462 A.2d 637, 639-40 (1983).

Section 14-1802(3) of the Philadelphia Code (Code) provides that "[T]he applicant shall have the duty of

presenting evidence relating to the criteria set forth herein. [relating to the granting of variances]." It is well-settled that variances should only be granted in exceptional cases and that the applicant's burden of proving its need is heavy. *Fretz, Inc. v. Hilltown Township Zoning Hearing Board,* 18 Pa. Commonwealth Ct. 471, 336 A.2d 464 (1975). The applicant must prove that an unnecessary hardship, unique or peculiar to his property, is imposed by the zoning regulation sought to be avoided and that the variance is not contrary to public health, safety or the general welfare. *Marple Gardens, Inc. v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 436, 303 A.2d 239 (1973). These principles are reflected in the Philadelphia Code at §14-1802 which sets forth twelve (12) criteria for the Board to consider when ruling on an application for a variance.[3]

---

[3] §14-1802. Criteria for Granting Variances.

(1) The Zoning Board of Adjustment shall consider the following criteria in granting a variance under §14-1801(1)(c):

(a) that because of the particular surroundings, shape, or topographical conditions of the specific structure or land involved, a literal enforcement of the provisions of this Title would result in unnecessary hardship;

(b) that the conditions upon which the appeal for a variance is based are unique to the property for which the variance is sought;

(c) that the variance will not substantially or permanently injure the appropriate use of adjacent conforming property;

(d) that the special conditions or circumstances forming the basis for the variance did not result from the actions of the applicant;

(e) that the grant of the variance will not substantially increase congestion in the public streets;

(f) that the grant of the variance will not increase the danger of fire, or otherwise endanger the public safety;

(g) that the grant of the variance will not overcrowd the land or create an undue concentration of population;

In ruling on Rollins' application here, the Board concluded that Rollins failed to present the evidence required to meet six (6) of the twelve (12) criteria set forth in the Code, specifically §§14-1802(1)(a), (b), (c), (d), (j) and (l).[4]

In reviewing the evidence presented at both hearings, we find that the Board has not committed a manifest abuse of discretion inasmuch as its findings are supported by substantial evidence.

At the first hearing Rollins testified, through its counsel, that a refusal of the variance would create an unnecessary hardship in that the refusal would result in the necessity of moving the sign in order to bring it into compliance with the Code. Rollins testified further that the subcontractor who was responsible for the height and placement deviations is out of business providing Rollins with no recourse against it to recover its cost of moving the sign. At the second hearing Rollins testified again through counsel, that moving the sign would involve the tearing up of concrete and possible weakening of a nearby retaining wall.

Based on that evidence, the Board concluded that Rollins had demonstrated no more than economic hard-

(h)   that the grant of the variance will not impair an adequate supply of light and air to adjacent property;

(i)   that the grant of the variance will not adversely affect transportation or unduly burden water, sewer, school, park or other public facilities;

(j)   that the grant of the variance will not adversely affect the public health, safety or general welfare;

(k)   that the grant of the variance will be in harmony with the spirit and purpose of this Title, and

(l)   that the grant of the variance will not adversely affect in a substantial manner any area redevelopment plan approved by City Council or the Comprehensive Plan for the City approved by the City Planning Commission.

[4] Zoning Board of Adjustment's *Supplemental Conclusions of Law* 10a-10f.

ship which is insufficient to support the granting of a variance here. We agree. An applicant for a variance must show more than an economic hardship. *Somerton Civic Assoc. v. Zoning Board of Adjustment,* 80 Pa. Commonwealth Ct. 173, 471 A.2d 578 (1984).

On the issue of whether the variance would be contrary to public health, safety, or the general welfare the Board concluded that the grant of a variance in this case was not in the public interest. Rollins submitted letters from local businessmen and neighborhood residents in support of the sign. One of their contentions was that the additional illumination from the sign was beneficial to the corner on which it is erected. Protestants appeared at both hearings and submitted letters in opposition to the sign complaining, *inter alia,* that the illumination from the sign interfered with the peaceful enjoyment of their property.[5] Further, the Planning Commission testified that the granting of a variance in this case would result in an overuse of the property. We find that there is substantial evidence to support the Board's conclusion on this issue.

In the alternative, Rollins argues that if the traditional grounds for a variance have not been satisfied here, then the more relaxed standards for the granting of a variance on *de minimis* grounds should be applied and further, are met. We cannot agree.

A party seeking a variance bears a heavy burden of proof and the *de minimis* doctrine is an extremely narrow exception to that rule. It is rare, but on occasion,

---

[5] It should be noted that the neighborhood protestants voiced objection to the existence of the sign regardless of its placement. However, inasmuch as such a sign is a permitted use in a C-2 Commercial Zone, the only issue here is whether a variance should be granted to legalize the sign's two foot encroachment into the seventy-five foot "buffer zone" as created by §14-303(2)(r)(.3) between the C-2 district and any residentially-zoned district.

this Court has permitted minor dimensional variances without requiring that the traditional grounds for a variance be satisfied. *See, e.g., West Bradford Township v. Evans,* 35 Pa. Commonwealth Ct. 167, 384 A.2d 1382 (1978). In a limited number of cases the doctrine has been applied to permit a variance where the violation of the ordinance was minor and to do otherwise would require the moving of a building[6] and where rigid compliance with the ordinance was not necessary to protect the public policy concerns underlying the ordinance.[7] *King v. Zoning Hearing Board of the Borough of Nazareth,* 76 Pa. Commonwealth Ct. 318, 463 A.2d 505 (1983).

The doctrine has exclusively been applied in cases where only minor deviations from dimensional zoning ordinances have been the basis for the variances sought. Because the crucial fact in this case is that Rollins' sign encroaches into the 75 foot buffer zone created by Section 14-303(2)(r)(.3) by only two feet it may initially appear that this is a *dimensional* variance case to which the *de minimis* rules apply. However, the variance being sought here is more accurately characterized as a *use* variance, *i.e.,* Rollins has requested that the Board permit its sign to remain in the buffer zone where it is a non-permitted use.

"There is no precedent, however, for approving a *use* variance based on the 'de minimis' approach." *Kensington South v. Zoning Board of Adjustment of Philadelphia,* 80 Pa. Commonwealth Ct. 546, 550, 471 A.2d 1317, 1319 (1984), *citing Application of Burroughs*

---

[6] *See, e.g., Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A.2d 426 (1970); *Marlowe v. Zoning Hearing Board of Haverford Township,* 52 Pa. Commonwealth Ct. 224, 415 A.2d 946 (1980).

[7] *See, e.g., West Bradford Township v. Evans,* 35 Pa. Commonwealth Ct. 167, 384 A.2d 1382 (1978).

*Corp.,* 54 Pa. Commonwealth Ct. 514, 422 A.2d 1183 (1980). Further, Rollins has not presented an argument to convince us that the *de minimis* doctrine *is* properly applied in *use* variance cases. In *Cook v. Zoning Hearing Board of Ridley Township,* 47 Pa. Commonwealth Ct. 160, 408 A.2d 1157, 1159 (1979), we stated that, "we agree with a notable authority in the field that '. . . it is difficult to conceive of a use variance which would be truly "de minimis". ' " *citing* Ryan, Pennsylvania Zoning Law and Practice, Section 6.3.1 (Supp. 1979).

We find that the Board's decision to deny Rollins' application for a variance on both traditional and *de minimis* grounds to be supported by substantial evidence, that no error of law has been committed and accordingly affirm the order of the Court of Common Pleas dismissing Rollins' appeal.

ORDER

Now, August 6, 1987, the order of the Court of Common Pleas of Philadelphia County dated November 18, 1985, at No. 1868, is affirmed.

President Judge CRUMLISH, JR., dissents.