583 A.2d 11

**Wayde LEONARD, Appellant,**

v.

**ZONING HEARING BOARD OF the CITY OF BETHLEHEM and Donald R. Baker, Sr. and M. Patricia Baker, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1990.

Decided Nov. 13, 1990.

Reargument Denied Jan. 8, 1991.

Jeffrey A. Bartges, Tallman, Hudders & Sorrentino, Allentown, for appellant.

James J. Holzinger, with him, Richard F. Boyer, Boyer & Holzinger, Bethlehem, for appellees.

Before PELLEGRINI, and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Before us for disposition is the appeal taken by Wayde Leonard from the order of the Lehigh County Common Pleas Court (trial court) which dismissed Leonard's appeal and upheld the decision of the Zoning Hearing Board of the City of Bethlehem (Board).[1] The Board granted a dimensional variance for substandard lot sizes to Donald and

1. On May 23, 1990, the Board filed a notice of non-participation in this appeal.

Patricia Baker, Leonard's neighbors and intervenors herein, on the basis of *de minimis* deviation. The dimensional variance allows the Bakers to subdivide their now conforming 15,000 square foot property into two non-conforming, undersized lots (Lot No. 1 and Lot No. 2), with each lot being 7,500 square feet instead of 8,000 square feet as required under the City of Bethlehem's zoning ordinance. This amounts to a deviation of more than 6%.

The Board's findings indicate that the City Planning Commission approved the subdivision of the Bakers' property into two 7,500 square foot lots and were aware, at the time of approval, that the lots would fall 500 square feet short of the 8,000 square foot minimum lot area requirement set forth in the ordinance. Thereafter, Leonard challenged the subdivision approval, contending that the Bakers required a variance for substandard lot sizes. As a result, the Bakers requested the Board to grant them a *de minimis* variance from the ordinance's minimum lot area requirement so as to permit the subdivision of their property into two 7,500 square foot lots.

The Board's findings further indicate that the Bakers' subdivision plan disclosed an existing single-family detached dwelling on proposed Lot No. 2 and a detached garage on proposed Lot No. 1. Under their subdivision plan, the Bakers also proposed, and still propose, to construct a new single-family detached dwelling on Lot No. 1.

After hearing and after having viewed the subject site, the Board decided to grant the Bakers' application for a variance. The Board reasoned that the amount of the lot size variance was *de minimis* and, except for the deficiency in size, each lot otherwise complied with the ordinance.

Leonard appealed to the trial court which affirmed the Board's decision without taking additional evidence. This appeal followed, wherein Leonard contends, *inter alia*, that the Board erred or abused its discretion in applying the

*de minimis* doctrine.[2] We agree.

The *de minimis* doctrine is a narrow exception to the heavy burden of proof generally placed on a party seeking a variance and has been applied in rare instances where only a minor deviation from the zoning ordinance was sought and rigid compliance was not necessary to protect the ordinance's public policy concerns. *Pyzdrowski v. Pittsburgh Board of Adjustment*, 437 Pa. 481, 263 A.2d 426 (1970) (deviation of less than one foot is *de minimis*); *Stewart v. The Zoning Hearing Board of Radnor Township*, 110 Pa.Commonwealth Ct. 111, 531 A.2d 1180 (1987) (deviation of a maximum of 15 square feet from a one acre minimum lot requirement is *de minimis*). Here, the Bakers seek a deviation of 1,000 total square feet, or 500 square feet for each lot, from the ordinance's minimum lot area requirement. The Bakers contend that this deviation is *de minimis* (1) under *West Bradford Township v. Evans*, 35 Pa.Commonwealth Ct. 167, 384 A.2d 1382 (1978)[3] and (2) in

**2.** Because the trial court took no additional evidence, our scope of review is limited to determining whether the Board abused its discretion or committed an error of law. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

**3.** In *West Bradford Township*, the applicants sought and were granted a *de minimis* dimensional variance from an ordinance's minimum lot size requirement. The applicants owned two lots (Lot A and Lot B) which were located in a commercial district that required a one acre minimum lot size. The applicants resided on Lot A which contained a house and barn and encompassed six acres. Lot B, an L-shaped lot with narrow frontage and a rear yard that widened outward and abutted Lot A, was .847 acres and contained a duplex, garage and swimming pool. The applicants sought to subdivide Lot B into two smaller lots with .5 acres and .347 acres, respectively. The proposed .5 acre lot, which did not abut Lot A, was to include the duplex, garage and swimming pool while the proposed .347 acre lot, which abutted Lot A, was to be open space. The applicants wanted to retain the .347 acre lot and be free to convey the .5 acre lot. Subdivision approval was denied due to possible sewage problems. Thereafter, the applicants sought and were granted a variance subject to the conditions that they (1) would refrain from building on the .347 acre lot and (2) would burden the .347 acre lot with a sewage easement in favor of the .5 acre lot. On appeal, this Court stated that the rationale underlying the *de minimis* doctrine was applicable despite the factual dissimilarity between this case and cases that had previously applied the *de minimis* doctrine since under the circumstances the variance

light of the lot sizes of other properties in the neighborhood.

*West Bradford Township* is similar to the case *sub judice* in that the *de minimis* doctrine was applied to a subdivision of property. However, the subdivision here would create the non-conformity while in *West Bradford Township* the subdivision merely intensified what appears to be a pre-existing non-conformity. Furthermore, the lot to be subdivided in *West Bradford Township* was irregularly shaped, which is not the case here. Likewise, one of the lots created by the subdivision in *West Bradford Township* was to be maintained as open, undeveloped space, which again is not the case here.

Because of the factual dissimilarities between *West Bradford Township* and the case *sub judice,* we decline to find *West Bradford Township* dispositive here. The unique circumstances that supported application of the *de minimis* doctrine there simply are not present here so as to justify a departure from the well-established burden of proof customarily carried by a party seeking a variance.

Nor do we find persuasive the Bakers' assertion that the deviations here are *de minimis* in light of this particular neighborhood. The record indicates that there are lots within the immediate vicinity of the Bakers' property which conform to the ordinance's minimum lot size requirement, some of which are comparable to the Bakers' 15,000 square foot property. Simply because there may be some lots in this neighborhood which are less than 8,000 square feet is not, in our opinion, sufficient to establish entitlement to a variance. *See Braccia v. Township of Upper Moreland Zoning Hearing Board,* 16 Pa.Commonwealth Ct. 214, 327 A.2d 886 (1974) (a variance was denied despite the fact that only 2 of 25 parking lots complied with the parking space dimensions required under the zoning regulations); *see also Campbell v. Ughes,* 7 Pa.Commonwealth Ct. 98, 298 A.2d 690 (1972) (this Court reversed the granting of a variance

was *de minimis* and furthered the public health, safety and welfare because the .347 acre lot was to be maintained as open space.

from an 85 foot lot width requirement despite evidence that 16 of 24 lots in the block had widths of less than 85 feet).

In any event, we must be mindful that zoning boards and courts function, *inter alia,* to enforce zoning ordinances in accordance with applicable law; not to impose their concepts of what the ordinance ought to be. *Gottlieb v. Zoning Hearing Board of Lower Moreland Township,* 22 Pa.Commonwealth Ct. 365, 349 A.2d 61 (1975).[4] We must also be mindful that the *de minimis* doctrine is an extremely narrow exception to the heavy burden of proof that a party seeking a variance must normally bear.

In accordance therewith, we now hold that the 500 square foot deviations here are not *de minimis* as a matter of law. *See Andreucci v. The Zoning Hearing Board of Lower Milford Township,* 104 Pa.Commonwealth Ct. 223, 522 A.2d 107 (1987) (an 8% deviation from an ordinance's minimum lot size was not *de minimis* ). Thus, we decline to establish in the zoning law of this Commonwealth by decision in this case that a subdivision creating a 6% plus deviation from the ordinance lot size minimum may be permitted solely on the basis that such deviation is *de minimis.*

Because we have found that the Board erred in applying the *de minimis* doctrine to this case and because the Bakers failed to establish any unnecessary hardship so as to entitle them to a traditional variance, we will reverse the trial court's order which affirmed the Board's decision.[5]

## ORDER

AND NOW, this 13th day of November, 1990, the order of the Court of Common Pleas of Lehigh County is reversed.

**4.** We note in passing the following provision of the instant ordinance: "In interpreting and applying the provisions of this Ordinance, they shall be held to be the minimum requirements for the promotion of the public health, safety, morals and welfare of the city...." Article 1301, Section 1301.04. "The word 'shall' is always mandatory." Article 1302, Section 1302.01(a)(4). We likewise note that 8,000 square feet is a customary lot size in zoning law.

**5.** Due to our disposition of this issue, we need not now address the other issues presented on appeal.