Robert E. Cook and Paula F. Cook and Puritan Oil Company, Inc. *v.* The Zoning Hearing Board of the Township of Ridley. Township of Ridley, Appellant.

Argued October 5, 1979, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Robert N. Speare,* with him *Peter A. Dunn,* and *Petrikin, Wellman, Damico & Carney,* for appellant.

*James R. Flick,* with him *Anderman, Hughey & Flick,* for appellees.

OPINION BY JUDGE ROGERS, November 2, 1979:

Ridley Township has appealed an order of the Court of Common Pleas of Delaware County, overturning a decision of the Township's Zoning Hearing Board. The Zoning Hearing Board denied the application of Robert E. Cook and Paula F. Cook, equitable owners, and Puritan Oil Company, Inc., record owner, for a variance or, in the alternative, a special exception which would permit the use of their narrow triangular parcel of ground as an open air used car lot. The court below heard no evidence so that it is our duty in this case to determine whether the Zoning Hearing Board committed an error of law or an abuse of discretion. We believe that it did neither and will reinstate its order.

The parcel of land in question is bounded on all three of its sides by public streets. One side is 71 feet in length and the other two each about 260 feet. It is located in the C-2 General Commercial Zoning district in which uses are allowed by the following zoning provisions:

162

Section 8.202

Any retail business whose principal activity is the sale of new merchandise in an enclosed building including, but not limited to, the following: Automobile sales, boat sales, motorcycle sales. . . .

Section 8.207

Uses which in the opinion of the Zoning Hearing Board are of the same general character as those listed as permitted uses and which will not be detrimental to the intended purpose of this district.

The landowners argued successfully below that Section 8.207 permitting uses of the same general character as those listed in Section 8.202 authorize such similar uses as special exceptions. They reason from this conclusion that the only issue was whether the township had shown that an open air used car lot would be contrary to the health, safety and general welfare of the community. Concluding that it would not, the court below held that the special exception should issue. Whether or not the "same general character" uses allowed by Section 8.207 are merely permitted uses or uses allowed by special exception,[1] the question of whether an open air used car lot is a use of the same general character as a retail business whose principal activity is the sale of new merchandise in an enclosed building, persists. The question is one of law. We hold that an open air used car lot is not of the same general character as a retail business conducted in an enclosed building. The used car lot was not, therefore, either a permitted use or a use permitted by special exception.

The court below having decided that the used car lot was permitted by special exception and that the

[1] See Section 913 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10913.

township had not shown a deleterious effect on the health, safety and welfare of the community, reversed the Zoning Hearing Board without discussion of the landowners' application for a variance. The landowners say that we should now decide that they proved the necessity for the grant of a variance and that we should reverse the Zoning Hearing Board decision on this ground. Their argument is that the characteristics of their lot—long, narrow and bounded entirely by streets—are such that they could not erect on it a building in which anything, much less a retail business, could be conducted. Their thesis begins with reference to a requirement of the zoning ordinance that buildings be set back 30 feet from all streets. Since the base of their triangular lot is only about 70 feet long, adherence to the set back requirement would allow for a building only five feet wide. A real estate expert testified that such a building could not accommodate a retail business. Hence, say the landowners, a variance from the ordinance's use regulation which will permit them to conduct an open air used car business must issue. The fallacy of this argument lies in the assumption that the set back requirements are immutable but that the use requirement may, and in this case must, be varied in relief of their unnecessary hardship. Again they err. It has been recognized that the effect upon the public interest of a use variance is ordinarily greater than the effect of a dimensional variance. *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 490, 263 A.2d 426, 431 (1970). Further, it is settled principle that the power to grant variances should be exercised sparingly and only in exceptional circumstances. *McClure Appeal,* 415 Pa. 285, 203 A.2d 534 (1964). Necessary corrolaries of these rules are that the scope of a variance should not exceed that reasonably necessary to relieve the unnecessary hardship caused by the zoning regulations and that a use vari-

ance should not ordinarily be granted if a dimensional variance will cure the hardship.

Ridley Township appears to say that the dimensions of the lot here in question are such that it should not be used for anything, although it was once used as a gasoline service station. We observe that if the lot was owned in sole and separate ownership before the existence of zoning regulations which now make a conforming use impossible, some variances may be required to issue to make its use possible. *Jacquelin v. Horsham Township*, 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973).

Order reversed.

### ORDER

AND Now, this 2nd day of November, 1979, the order of the Court of Common Pleas of Delaware County is reversed and the decision of the Zoning Hearing Board of Ridley Township is reinstated; without prejudice, however, to the right of the appellees, or their successors in ownership of the premises in question, to apply for appropriate relief from zoning restrictions as indicated in the opinion filed herewith.