Louis W. Fabrizi *v.* The Zoning Hearing Board of the Borough of Brentwood et al. William and Geraldine Sullivan, et al., Appellants.

Argued March 11, 1985, before Judge MACPHAIL, and Senior Judges BLATT and BARBIERI, sitting as a panel of three.

*Frederick A. Boehm,* with him, *Patrick J. Clair, Goehring, Rutter & Boehm,* for appellants.

*A. Bruce Bowden, Buchanan Ingersoll, P.C.,* for appellee.

OPINION BY JUDGE BLATT, August 23, 1985:

William and Geraldine Sullivan, Xavier W. Franz and Walter and Frances Laska (appellants) appeal here from an order of the Court of Common Pleas of Allegheny County reversing a decision of the Zoning Hearing Board of the Borough of Brentwood (Board) which revoked a building permit issued to Louis W.

Fabrizi (landowner) and also denied the landowner's request for a variance.

The property in question is located in an R-1 low density residential district at the corner of Brownsville Road and West Brentridge Avenue in the Borough of Brentwood. Two buildings stand on the property; a primary residence facing Brownsville Road and a carriage house facing West Brentridge Avenue. The landowner received a building permit in early July 1983 to construct a one story addition to the rear portion of the primary residence, consisting of a family room, laundry room and kitchen, and a three car garage which would be connected to the proposed addition by means of an open passageway, commonly referred to as a breezeway.[1]

On July 22, 1983, the appellant appealed from the issuance of the building permit, contending that the proposed extension violated building setback requirements as contained in the Zoning Ordinance of the Borough of Brentwood (Zoning Ordinance), that the property had never been legally subdivided, and that a three-car garage was not a permitted use in the R-1 district. The landowner agreed to suspend construction until the Board had decided the appeal. Additionally, the landowner filed a request for a variance in the event the Board concluded that the building permit had been improperly issued.

The Board found that the property in question consisted of a single lot on which was located two prin-

---

[1] The Board's finding of fact number three is somewhat confusing in that it states that the proposed three-car garage would be a "free standing building connected to [the] new one-story addition." The testimony and exhibits of record, however, clearly establish that the three-car garage will be attached to the proposed addition to the primary residence.

cipal structures,[2] that both buildings had been constructed prior to the enactment of the zoning ordinance and that, therefore, they constituted a nonconforming use.[3] The Board further stated that although the proposed garage, if constructed, might hinder any future attempt to subdivide the lot, that issue was not presently before it inasmuch as the landowner had not sought to subdivide his property. Consequently, the Board dismissed the appellants' objections pertaining to an alleged illegal subdivision of the lot. The Board also concluded that the Zoning Ordinance did not prohibit the construction of a three car garage in the R-1 district. It did find, however, that the construction of the garage as planned would be in violation of the Zoning Ordinance's setback requirements. Specifically, the Board found that the planned ten feet six inch setback between the West Brentridge Avenue property line and the proposed garage would violate the Zoning Ordinance's minimum front yard requirement of a twenty-five foot setback. In so holding, the Board concluded that each corner lot in the Borough of Brentwood has at least two front yards, one extending along each side of the corner lot which borders a street. The landowner's building permit was thus revoked.

---

[2] While the Zoning Ordinance does not define "principal structure," the term "structure" is defined in Section 12(2) as follows: "any thing constructed or erected with a fixed location on the ground, or attached to something having a fixed location on the ground."

[3] The Zoning Ordinance provides that a "nonconforming use" is "any use whether of land or structures which does not comply with the applicable use provisions of this ordinance as amended, whether such use was lawfully existence [sic] prior to the enactment of such ordinance or amendment, or prior to the application of such ordinance or amendment, to its location by reason of annexation." Section 12(2) of the Zoning Ordinance.

After revoking the building permit, the Board considered the landowner's request for a variance and concluded that the landowner had failed to prove the requisite hardship needed to grant a variance under the Zoning Ordinance. Consequently, the Board denied the landowner's request. The landowner then appealed to the common pleas court which reversed, stating that the Board had improperly considered the appeal from the issuance of the building permit as a request for a variance. The present appeal followed.

Our scope of review in a zoning appeal where the common pleas court took no additional evidence is limited to determining whether or not the Board committed an error of law or abused its discretion. *Cook v. Zoning Hearing Board, Township of Ridley*, 47 Pa. Commonwealth Ct. 160, 408 A.2d 1157 (1979).

We note preliminarily that we do not believe that the Board erred in ruling on the landowner's request for a variance. The record clearly indicates that the appeal from the issuance of the building permit was consolidated with the landowner's request for a variance. Additionally, we believe that the Board correctly placed the burden of proof on the appellants in considering the appeal from the building permit, and on the landowner in considering his variance application. We must hold, therefore, that the common pleas court erred when it reversed the Board for having considered the landowner's variance request.[4] We must still consider, however, whether or not the Board erred as a matter of law in revoking the building permit.

The appellants maintain that we should affirm the Board's decision, arguing, as they did before the Board, that the property has never been subdivided

---

[4] Because we dispose of this appeal by way of resolving the issue regarding the trial court's reinstatement of the building permit, we do not address the variance issue on the merits.

under the Zoning Ordinance, that the proposed extension and garage would encroach upon the minimum lot area of the carriage house and that the front yard setback requirements have not been met with respect to the garage.

With regard to the appellants' contentions concerning any purported illegal subdivision of this property and any problems which might arise if this property were to be subdivided in the future, we note first that both of the existing structures on this property were built long before the enactment of the Zoning Ordinance and, as such, constitute a non-conforming use under Section 12(2) of that ordinance. Moreover, the landowner is not currently seeking to subdivide this property and any questions involving a possible future subdivision are not presently ripe for review.

Turning to the question of whether or not each side of a corner lot bordering a street is deemed a front yard under the Zoning Ordinance, we note that this ordinance does not contain any specific provisions detailing the treatment of yard setback requirements in the case of corner lots. Section 12(2) of the Zoning Ordinance defines "corner lot" as "a lot bounded on at least two sides by streets." Additionally, the definition of "lot line, front" provides that it is "the line contiguous with the street line" and the definition of "building setback line" provides, in part, that it is "an established line within a property defining the minimum required distance between the face of any existing or proposed structure to be erected and an adjacent right-of-way or street line." Section 12(2) of the Zoning Ordinance. And, while the Zoning Ordinance does not contain definitions of "setback", "yard" or "front yard", it does provide, in Section 21(3), Table 200-2, that the front yard must measure at least twenty-five feet and that each lot in an R-1 district

must have two side yards, measuring at least five feet each.

Here, the proposed garage would be located a distance of ten feet six inches from the property line which parallels West Brentridge Avenue and a distance of over twenty-five feet from the property line which parallels Brownsville Road. The appellants argue that when the definitions cited in the preceding paragraph are read together it is clear that the Zoning Ordinance requires a front yard setback of twenty-five feet along any portion of a lot which adjoins a street. The landowner contends, on the other hand, that the phrase "the street line" as contained in the definition of "lot line, front" clearly refers to Brownsville Road inasmuch as the primary residence on his lot faces Brownsville Road and that, consequently, his plans comply with the Zoning Ordinance. Specifically, he maintains that because the garage will be located well over twenty-five feet from the property line paralleling Brownsville Road, which is the front lot line, the Board erred in revoking the building permit.

In *Trush v. Township of Bensalem*, 56 Pa. Commonwealth Ct. 232, 424 A.2d 988 (1981), we resolved an analogous issue involving the question of whether or not that town's minimum frontage requirements applied to each yard of a corner lot which extended along a street. The ordinance in *Trush* provided that "[e]ach lot shall have a minimum of frontage . . . of not less than eighty (80) feet" and that "[i]n the case of a corner lot, the yards extending along all streets are front yards." That ordinance, however, was silent on the question of whether or not frontage requirements applied to all front yards. Our Court concluded that, while corner lots in the Township of Bensalem would necessarily have more than one front yard, if only one of those front yards measured eighty feet in

width, the ordinance's frontage requirements would be met.

Here, the Zoning Ordinance does not state that every yard extending along a street must be considered a front yard and, in fact, Section 21(3), Table 200-2 requires that each lot have two side yards. A conclusion that corner lots in the Borough of Brentwood have two front yards, therefore, conflicts with Section 21(3) of the Zoning Ordinance. Consequently, based on *Trush* and on Section 1921(a) of the Statutory Construction Act of 1972,[5] we believe that the Zoning Ordinance twenty-five foot front yard setback requirement is met in the case of a corner lot where one of the yards abutting a street measures twenty-five feet in depth. Here, the yard bordering Brownsville Road satisfies the Zoning Ordinance requirement. And, of course, it is clear that the landowner's proposal also meets the side yard requirement of five feet in that the garage will be located ten feet, six inches from the property line paralleling West Brentridge Avenue. The Board, therefore, erred when it revoked the landowner's building permit.

Accordingly, we will affirm the decision of the Court of Common Pleas of Allegheny County.

## ORDER

AND Now, this 23rd day of August, 1985, the order of the Court of Common Pleas of Allegheny County is affirmed.

Judge BARRY did not participate in the decision in this case.

---

[5] 1 Pa. C. S. §1921(a) states, in pertinent part, that "[e]very statute shall be construed, if possible, to give effect to all its provisions."