IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Catherine M. Coyle, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| City of Lebanon Zoning Hearing | : | No. 776 C.D. 2015 |
| Board | : | Argued: March 7, 2016 |


BEFORE:　　HONORABLE PATRICIA A. McCULLOUGH, Judge
　　　　　　HONORABLE ANNE E. COVEY, Judge
　　　　　　HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY
JUDGE COVEY　　　　　　　　　　　　　FILED: March 23, 2016


Catherine M. Coyle (Coyle) appeals from the Lebanon County Common Pleas Court's (trial court) April 21, 2015 order affirming the City of Lebanon (City) Zoning Hearing Board's (Board) decision granting Pier N. Hess (Hess) a temporary use variance to operate a professional business office in a Residential Medium Density (RMD) zoning district. There are three issues for this Court's review: (1) whether the Board erred by granting Hess a temporary use variance without proof by substantial evidence that conditions unique to the Property will cause unnecessary hardship in the absence of the variance; (2) whether the burden of proving entitlement to a temporary use variance differs from that necessary to obtain a permanent variance; and, (3) whether the trial court erred by declaring the variance *de minimis*. After review, we reverse.

In May 2014, Hess purchased and remodeled a single-family home located at 8 East Chestnut Street (Property), in the City's RMD zoning district. She

resides at the Property and operates her law practice therefrom.[1]  Professional and business offices are not permitted uses in the RMD zoning district under Section 1321.07(c)(16) of the City's Zoning Code (Zoning Code).  On July 29, 2014, Hess applied for a variance under Section 1321.07(c) of the Zoning Code to lease two of the Property's unused bedrooms to two other attorneys for use two days per week between 8:00 a.m. and 5:00 p.m. (Application).  *See* Reproduced Record (R.R.) at 3a-7a.

On the Supplemental Information – Variance Worksheet/Project Narrative portion of the Application, Hess specified that the unique physical circumstances and unnecessary hardship requirements for a variance under the Pennsylvania Municipalities Planning Code (MPC)[2] "d[id] not apply."  R.R. at 6a.  Hess also claimed in the Application that since the two other attorneys would use the Property only two days per week, granting the variance would not alter the neighborhood's essential character, and the requested variance was the minimum necessary to afford relief.  *See* R.R. at 6a-7a.

A Board hearing was held on August 20, 2014.  Coyle, who is the owner and occupant of 15 East Chestnut Street, located across the street from and slightly east of the Property, appeared through her counsel and objected to the Application.  At the conclusion of the hearing, the Board unanimously granted Hess a variance, subject to conditions memorialized in the Board's September 15, 2014 decision as follows: "1. Limited to two part-time attorneys each renting one room; 2. Each

---

[1] Hess is a Lebanon County Senior Deputy District Attorney (DA).  Because her DA duties are part-time, she has two days per week to operate a private law practice.  She has designated a second-floor bedroom at the Property for use as her office, and uses the first-floor dining room as a conference room as necessary.  *See* Reproduced Record (R.R.) at 14a-16a.  Under Section 1321.07(a)(14) of the City's Zoning Code (Zoning Code), home occupations are conditional uses permitted in the City's RMD zoning district.  Coyle does not challenge the Property's use as a home occupation and, thus, that is not at issue in this appeal.  *See* R.R. at 17a.

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101 – 11202.

attorney is limited to two days of practice a week; 3. The conditional variance would be reviewed by the [] Board every four years [] to determine continuance of the variance." Board Dec. at 8; *see* R.R. at 41a.

Coyle filed an appeal from the Board's decision to the trial court. After reviewing the Board's record and the parties' briefs and hearing argument, on April 21, 2015, the trial court denied Coyle's appeal and upheld the Board's decision granting Hess a temporary variance. Coyle appealed to this Court.[3]

Initially, Section 910.2 of the MPC states:

(a) The [B]oard shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. The [B]oard may by rule prescribe the form of application and may require preliminary application to the zoning officer. **The [B]oard may grant a variance, provided that all of the following findings are made where relevant in a given case**:

(1) That there are **unique physical circumstances or conditions**, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property **and that the unnecessary hardship is due to such conditions** and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the

---

[3]     Where the trial court takes no additional evidence, this Court's 'review is limited to determining whether the Board committed an abuse of discretion or an error of law.' *Taliaferro v. Darby T[wp.] Zoning Hearing B[d.]*, 873 A.2d 807, 811 n.1 (Pa. Cmwlth. 2005). A zoning hearing board abuses its discretion when its factual findings are not supported by substantial evidence. *JoJo Oil Co. v. Dingman T[wp.] Zoning Hearing B[d.]*, 77 A.3d 679, 685 n.6 (Pa. Cmwlth. 2013). 'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Id.*

*Tinicum Twp. v. Nowicki*, 99 A.3d 586, 589 n.6 (Pa. Cmwlth. 2014).
By September 9, 2015 order, this Court precluded Hess from filing briefs and/or participating in oral argument.

neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, **there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance** and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such **unnecessary hardship has not been created by the appellant**.

(4) That **the variance**, if authorized, **will not alter the essential character of the neighborhood or district in which the property is located**, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That **the variance**, if authorized, **will represent the minimum variance that will afford relief** and will represent the least modification possible of the regulation in issue.

(b) In granting any variance, **the [B]oard may attach such reasonable conditions** and safeguards as it may deem necessary to implement the purposes of this [MPC] and the zoning ordinance.

53 P.S. § 10910.2 (emphasis added).[4]  Section 1307.08(a) of the City's Zoning Code incorporates identical requirements.  *See* R.R. at 66a-67a.

> [T]he reasons for granting a variance must be substantial, serious, and compelling.  The burden of an applicant seeking a zoning variance is heavy, and variances should be granted sparingly and only under exceptional circumstances.  A variance will not be granted simply because a zoning ordinance deprives the owner of the most lucrative or profitable uses of the property.  Economic hardship short of rendering the property valueless does not justify the grant of a variance.

---

[4] Added by Section 89 of the Act of December 21, 1988, P.L. 1329.

*Oxford Corp. v. Zoning Hearing Bd. of Borough of Oxford*, 34 A.3d 286, 296 (Pa. Cmwlth. 2011) (citations omitted).

Coyle first argues that the Board erred by granting Hess a temporary variance without proof by substantial evidence that, *inter alia*, certain conditions unique to the Property will cause unnecessary hardship in the absence of the variance. We agree. Hess declared in her Application that she was not required to prove unique physical circumstances or unnecessary hardship in support of her variance request. *See* R.R. at 6a. She did not provide testimony at the Board hearing regarding either requirement. And, as the trial court acknowledged, the Board "did not even attempt to address and discuss issues such as hardship and the ability of [Hess] to otherwise use the structure absent a variance."[5] Trial Court Op. at 7. Therefore, it is undisputed that the Board granted Hess a variance without any finding supported by substantial evidence of each of the variance criteria set forth in Section 910.2(a) of the MPC and Section 1307.08(a) of the City's Zoning Code.

Coyle next avers that the burden of proving entitlement to a temporary use variance does not differ from that necessary to obtain a permanent variance. We agree. Here, the Board took the position that the temporary variance it granted was consistent with Section 910.2(a)(5) of the MPC's requirement that a variance "represent the minimum variance that will afford relief[.]" 53 P.S. § 10910.2(a)(5). While that may be true, the Board failed to address the remaining four variance requirements. In fact, the Board implied in its decision that temporary variances are not subject to the remaining variance criteria set forth in Section 910.2(a) of the MPC and Section 1307.08(a) of the City's Zoning Code.

Based upon the authority the Board cited in support of its decision, there is no question that time-limited variances are viable remedies that have been

---

[5] During oral argument before this Court, the Board's counsel admitted that the Board failed to address all of the necessary variance criteria.

5

repeatedly granted and upheld. *See 8131 Roosevelt Corp. t/a "Pinups" v. Zoning Bd. of Adjustment of the City of Phila.*, 794 A.2d 963 (Pa. Cmwlth. 2002); *1916 Delaware Tavern v. Zoning Board of Adjustment*, 657 A.2d 63 (Pa. Cmwlth. 1995); *Gish v. Exley*, 34 A.2d 925 (Pa. Super. 1923). However, the Board's cited cases do not excuse the Board from insuring that temporary variances meet the MPC's and the Zoning Code's traditional variance criteria.

Specifically, in *1916 Delaware Tavern*, the trial court rescinded a temporary variance issued to 1916 Delaware Tavern on the basis that the Liquor Code's[6] comprehensive regulation precluded Philadelphia from issuing it. Having declared on appeal that the subject zoning code did not interfere with matters regulated by the Liquor Code, this Court reversed the trial court's order and remanded the matter for the zoning board of adjustment to consider **whether 1916 Delaware Tavern's temporary variance satisfied Section 14-1802(1) of the Philadelphia Zoning Code (which specifies the variance criteria to be considered when evaluating traditional variance requests)**.

Moreover, in *8131 Roosevelt Corporation*, the City of Philadelphia's (Philadelphia) department of licenses and inspections denied 8131 Roosevelt Corporation's application to use its property as a gentlemen's club because it was located within 500 feet of residences and because previously-issued two-year temporary variances had expired. On appeal, the zoning board of adjustment denied a variance, stating that the proposed use could only be permitted if the criteria for granting a variance was met and, since the unnecessary hardship criteria was not met, a gentlemen's club would be an illegal use. The trial court upheld the denial and this Court affirmed. 8131 Roosevelt Corporation argued that collateral estoppel and res judicata precluded denial in light of the temporary variance. This Court determined

---

[6] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1-101 – 10-1001.

that since "the two-year temporary variances . . . did not purport to establish a permanent determination of unnecessary hardship or of lack of adverse impact on the neighborhood," and they were specific to a limited period, in seeking a new variance, **8131 Roosevelt Corporation had to again meet the variance standards**. *Id.* at 969.

In *Amerikohl Mining, Inc. v. Township of Elizabeth Zoning Hearing Board* (Pa. Cmwlth. No. 2461 C.D. 2010, filed December 9, 2011),[7] the zoning hearing board denied Amerikohl Mining's request for a temporary variance to strip mine and restore a parcel of land located in a residential district where strip mining was not a permitted use, and the property could otherwise be used in accordance with the zoning ordinance. Amerikohl Mining relied upon *8131 Roosevelt Corporation* in support of its claim that "a temporary use variance should be granted under a more relaxed hardship standard because a temporary variance is less harmful to the overall zoning scheme than a permanent variance." *Amerikohl Mining*, slip op. at 2. On appeal, this Court in upholding the zoning hearing board's denial, stated:

> **Rather than standing for the proposition that there is a relaxed standard for a temporary variance, *8131 Roosevelt Corporation* stands for the proposition that each application for a variance for the property stands on its own and must meet the normal variance standards.** Because there is nothing in the record to establish that the property cannot be used as zoned, the [b]oard properly denied the requested variance from the temporary use provision.

*Id.* (emphasis added; footnote omitted).

---

[7] This Court's unreported memorandum opinions may not be cited as binding precedent; however, they may be cited "for [their] persuasive value[.]" Section 414 of the Commonwealth Court's Internal Operating Procedures.

In addition to the Board's cited cases, in *Thompson v. Philadelphia Zoning Board of Adjustment* (Pa. Cmwlth. No. 1696 C.D. 2007, filed July 8, 2008),[8] this Court reversed the zoning board of adjustment's grant of a temporary variance to operate a commercial business in a residential district **because the property owner failed to prove at least one of the variance criteria**, *i.e.*, that the property could not be developed for residential use. Also, in *Pienkowski v. Zoning Board of Adjustment* (Pa. Cmwlth. No. 2095 C.D. 2008, filed December 24, 2009),[9] this Court vacated the trial court's order upholding the zoning board of adjustment's grant of a temporary variance for the applicant to store construction equipment and operate an accessory office in a building located in a residential zoning district, and remanded the matter to the trial court for further proceedings **because the zoning board of adjustment failed to make specific findings of fact and conclusions of law regarding <u>each of the key variance requirements</u>**.

Finally, rather than eliminate the unnecessary hardship requirement for a variance, the treatises cited by the Board state that where there is a hardship and it is temporary, a temporary variance is preferable to a permanent one. In particular, Robert S. Ryan, *Pennsylvania Zoning Law & Practice*, § 6.2.15 (1997), provides that "temporary variances can be a suitable remedy if used to reduce hardships[10] of a temporary nature, or as an aid in transitional situations." *Id.* Further, in 83 Am.Jur.2d *Zoning & Planning* (2013), cited by the Board, the Practice Tip clearly states: "**An applicant for a temporary variance is required to meet the same standards of proof as are required for a permanent variance**." *Id.* at § 798

---

[8] *Thompson* is being cited for its persuasive value in accordance with Section 414 of the Commonwealth Court's Internal Operating Procedures.

[9] *Pienkowski* is being cited for its persuasive value in accordance with Section 414 of the Commonwealth Court's Internal Operating Procedures.

[10] Temporary variances are, therefore, useful to reduce hardships, but do not eliminate the requirement to demonstrate unnecessary hardships.

(emphasis added).[11]  Neither the Board nor the trial court cite to any contrary authority.

Based upon the foregoing, we hold that regardless of whether a party is seeking a temporary or permanent variance, all of the criteria set forth in Section 910.2(a) of the MPC and Section 1307.08(a) of the City's Zoning Code must be met. Thus, in the instant case, since the Board failed to make findings based upon substantial evidence supporting all of the applicable criteria, it abused its discretion by granting Hess a temporary use variance.

Coyle also contends that the trial court erred by declaring the variance *de minimis*.  We agree.  We acknowledge that the *de minimis* zoning doctrine authorizes a variance "where the deviation is relatively minor and strict compliance is not necessary to protect the public interest."  *Nettleton v. Zoning Bd. of Adjustment of City of Pittsburgh*, 828 A.2d 1033, 1038 n.6 (Pa. 2003).  Thus, "[t]he *de minimis* doctrine is a narrow exception to the heavy burden of proof generally placed on a party seeking a variance . . . ."  *Leonard v. Zoning Hearing Bd. of City of Bethlehem*, 583 A.2d 11, 12 (Pa. Cmwlth. 1990).

Notwithstanding, this Court has held:

> **The doctrine has exclusively been applied in cases where only minor deviations from dimensional zoning ordinances** have been the basis for the variances sought. . . .
>
> '**There is no precedent, however, for approving a *use* variance based on the '[*de minimis*]' approach**.' *Kensington S*[.] *v. Zoning B*[*d.*] *of Adjustment of Phila*[.]*,* . . . 471 A.2d 1317, 1319 ([Pa. Cmwlth.] 1984), *citing Application of Burroughs Corp.,* . . . 422 A.2d 1183 ([Pa. Cmwlth.] 1980). Further, [the applicant] has not presented an argument to convince us that the [*de minimis*] doctrine *is* properly applied in *use* variance cases.  In *Cook v. Zoning Hearing Board of Ridley Township,* . . . 408 A.2d 1157,

[11] *Citing Light Co. v. Houghton*, 226 N.E.2d 341 (Ind. App. 1967).

1159 ([Pa. Cmwlth.] 1979), we stated that, 'we agree with a notable authority in the field that '. . . it is difficult to conceive of a use variance which would be truly '[*de minimis*]'.'' [*C*]*iting* Ryan, Pennsylvania Zoning Law and Practice, Section 6.3.1 (Supp.1979).

*Rollins Outdoor Adver., Inc. v. Zoning Bd. of Adjustment*, 529 A.2d 99, 102-03 (Pa. Cmwlth. 1987) (bold emphasis added; footnotes omitted).

More recently, in *Landis v. Bedminster Township Zoning Hearing Board* (Pa. Cmwlth. No. 1429 C.D. 2012, filed May 31, 2013),[12] this Court observed:

As to the *de minimis* doctrine [the applicant] seeks to have this Court apply, this doctrine has repeatedly been rejected in a use variance case. *See Rollins Outdoor Adver*[.]. . . *(quoting Cook v. Zoning Hearing B*[*d.*] *of Ridley T*[*wp.*]*, . . .* 408 A.2d 1157, 1159 (Pa. Cmwlth. 1979)) ('[I]t is difficult to conceive of a use variance which would be truly '[*de minimis*].''). This is because 'the effect on the public interest of a use variance usually is greater than the effect of a variance necessitated by only a minor deviation from a dimensional requirement.' *Evans v. Zoning Hearing B*[*d.*]*,* 732 A.2d 686, 691 n.4 (Pa. Cmwlth. 1999) (citing *Pyzdrowski v. Pittsburgh B*[*d.*] *of Adjustment, . . .* 263 A.2d 426, 431 ([Pa.] 1970)). . . .

. . . **[T]he *de minimis* doctrine has never been applied in the case of a use variance, and established law blatantly rejects its application in these instances**.

Slip op. at 3-4 (bold emphasis added). Based on well-established law that the *de minimis* doctrine does not apply in use variance cases, the trial court erred by declaring that the Board could grant the variance on a *de minimis* basis.

For the foregoing reasons, the trial court's order is reversed.

_____
ANNE E. COVEY, Judge

---

[12] *Landis* is being cited for its persuasive value in accordance with Section 414 of the Commonwealth Court's Internal Operating Procedures.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Catherine M. Coyle,  :
           Appellant  :
                 :
          v.  :
                 :
City of Lebanon Zoning Hearing  :   No. 776 C.D. 2015
Board  :

# O R D E R

AND NOW, this 23rd day of March, 2016, the Lebanon County Common Pleas Court's April 21, 2015 order is reversed.

_____
ANNE E. COVEY, Judge