IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of Louis A. Ballezzi :
and Rosamond Howard, :
   Appellants :
     :
     :
  v. : No. 1439 C.D. 2021
     :
The Zoning Board of Adjustment of :
the City of Philadelphia :
and 514 South Street, LLC : Submitted: March 3, 2023

BEFORE: HONORABLE CHRISTINE FIZZANO CANNON, Judge
    HONORABLE ELLEN CEISLER, Judge
    HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER         FILED: May 23, 2023

 Appellants Louis A. Ballezzi and Rosamond Howard (Appellants) appeal from the Court of Common Pleas of Philadelphia County's (Common Pleas) November 24, 2021 order. Through that order, Common Pleas affirmed Appellee The Zoning Board of Adjustment of the City of Philadelphia's (Board) February 5, 2020 decision (Decision) that granted a temporary use variance to Appellee 514 South Street, LLC (Applicant). As that variance has expired, we dismiss this appeal, as well as Applicant's Motion to Quash Appeal (Motion to Quash), as moot.

## I. Background

 The circumstances that gave rise to this appeal are fairly uncomplicated. Applicant submitted an application to the City of Philadelphia's Department of Licenses and Inspections (L&I), in which it requested a permit for a property located at its namesake address that would allow it to operate a "banquet hall/event space" with "a temporary area that may be used for dancing by the patrons of the

establishment[.]" Reproduced Record (R.R.) at 42a. On November 8, 2019, L&I denied the application, on the basis that the City's Zoning Code[1] barred the proposed use in Philadelphia's Headhouse Square District, in which Applicant's property is located. *Id.*; Decision, Findings of Fact (F.F.) ¶¶1-2.

Applicant appealed this denial to the Board on November 26, 2019, arguing therein that it was entitled to a use variance that would allow it to legally operate its proposed banquet hall/event space. R.R. at 44a-45a; Decision, F.F. ¶3. The Board subsequently held a public hearing regarding Applicant's appeal on February 5, 2020, after which it voted 4-1 to grant Applicant's desired use variance, albeit with the proviso that the variance would expire on February 5, 2023. R.R. at 107a; Decision, F.F. ¶4.

Appellants then appealed to Common Pleas on March 4, 2020. Common Pleas took no additional evidence and, on November 24, 2021, affirmed the Board's Decision. This appeal to our Court followed shortly thereafter on December 15, 2021. On January 5, 2022, Applicant filed its Motion to Quash, in which it argued that the appeal should be quashed because Appellants lacked standing. Motion to Quash ¶¶12-15, Wherefore Clause. Appellants responded in opposition thereto, and both they and Applicant each subsequently submitted appellate briefs.[2] Thereafter, on March 16, 2023, this Court issued a *per curiam* order directing Appellants and Applicant to brief the issue of whether Appellants' appeal to our Court had been rendered moot by the expiration of the contested use variance earlier this year.

---

[1] City of Phila., Pa., Zoning Code (2012).

[2] The City of Philadelphia filed a notice of non-participation on the Board's behalf on October 18, 2022.

Commonwealth Ct. Order, 3/16/23, at 1. Both Appellants and Applicant complied with this order by filing supplemental briefs on March 30, 2023.

## II. Discussion

We conclude that this appeal is moot, due to the fact that the challenged variance has expired and is no longer in effect.

> Under the mootness doctrine, "an actual case or controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Pub. Defender's Off*[.] *of Venango* [*Cnty.*] *v. Venango* [*Cnty.*] *Court of Common Pleas*, . . . 893 A.2d 1275, 1279 ([Pa.] 2006) (quoting *Pap's A.M. v. City of Erie*, . . . 812 A.2d 591, 599-600 ([Pa.] 2002)). The existence of a case or controversy requires "a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication. . . ." *City of Phila*[.] *v.* [*Se. Pa. Transp. Auth.*], 937 A.2d 1176, 1179 (Pa. Cmwlth. 2007). As the Pennsylvania Supreme Court explained:
>
> > The cases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the outcome.
>
> *Pap's A.M.*, . . . 812 A.2d at 599-600 . . . (quoting *In re Cain*, . . . 590 A.2d 291, 292 ([Pa.] 1991)]. . . . It is well settled that the courts "do not render decisions in the abstract or offer purely advisory opinions." *Pittsburgh Palisades Park, LLC v.* [*Com.*], . . . 888 A.2d 655, 659 ([Pa.] 2005). Judicial intervention "is appropriate only where the underlying controversy is real and concrete, rather than abstract." *City of Philadelphia v.* [*Com.*], . . . 838 A.2d 566, 577 ([Pa.] 2003).

*Harris v. Rendell*, 982 A.2d 1030, 1035 (Pa. Cmwlth. 2009); *accord Driscoll v. Zoning Bd. of Adjustment of City of Phila.*, 201 A.3d 265, 268-69 (Pa. Cmwlth.

2018). "Although we generally will not decide moot cases, exceptions are made when (1) the conduct complained of is capable of repetition yet evading review, or (2) involves questions important to the public interest, or (3) will cause one party to suffer some detriment without the Court's decision." *Cytemp Specialty Steel Div., Cyclops Corp. v. Pa. Pub. Util. Comm'n*, 563 A.2d 593, 596 (Pa. Cmwlth. 1989). Furthermore, a party may elect to raise the issue of mootness themselves during the pendency of an appeal, or a court may do so *sua sponte*. Pa. R.A.P. 1972(4); *Battiste v. Borough of E. McKeesport*, 94 A.3d 418, 424 (Pa. Cmwlth. 2014).

In this instance, Appellants and Applicant are both in agreement that the instant appeal has been rendered moot by the expiration of the at-issue use variance. *See* Appellants' Br. at 1; Applicant's Br. at 2-4. Appellants, however, argue that we should nevertheless reach the merits of their appeal because, in their view, it involves issues that are both capable of repetition and likely to evade review, due to the temporary nature of the challenged variance, as well as issues that are important to the public interest.

We disagree. With regard to Appellants' first argument, we have adjudicated numerous appeals in the past that dealt with time-limited variances, including some that were of the same duration as the variance that was granted in this situation. *See, e.g.*, *Coyle v. City of Lebanon Zoning Hearing Bd.*, 135 A.3d 240 (Pa. Cmwlth. 2016); *Amerikohl Mining, Inc. v. Twp. of Elizabeth Zoning Hearing Bd.* (Pa. Cmwlth., No. 2461 C.D. 2010, filed Dec. 9, 2011), 2011 WL 10876907; *Pienkowski v. Zoning Bd. of Adjustment* (Pa. Cmwlth., No. 2095 C.D. 2008, filed Dec. 24, 2009), 2009 WL 9101158; *Thompson v. Phila. Zoning Bd. of Adjustment* (Pa. Cmwlth., No. 1696 C.D. 2007, filed July 8, 2008), 2008 WL 9398986; *8131 Roosevelt Corp. v. Zoning Bd. of Adjustment of City of Phila.*, 794 A.2d 963 (Pa. Cmwlth. 2002); *1916*

4

*Del. Tavern, Inc. v. Zoning Bd. of Adjustment*, 657 A.2d 63 (Pa. Cmwlth. 1995). Given this track record, we sincerely doubt that future appeals involving such temporary variances are likely to escape appellate review. As for Appellants' argument that the issues at play are of great importance to the public interest, we note that our courts have been loath to apply that mootness exception with anything approaching regularity and have instead concluded that its successful invocation should be "generally confined to a narrow category of cases." *Bottomer v. Progressive Cas. Ins. Co.*, 859 A.2d 1282, 1285 (Pa. 2004); *accord In re Gross*, 382 A.2d 116, 122 (Pa. 1978); *Wortex Mills v. Textile Workers Union of Am., C.I.O.*, 85 A.2d 851, 857 (Pa. 1952). This matter, which concerns a rather garden-variety use variance, is not such a case. Therefore, we decline to reach the merits of the instant appeal.

### III. Conclusion

In accordance with the foregoing analysis, we dismiss both Appellants' appeal and Applicant's Motion to Quash as moot.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Appeal of Louis A. Ballezzi and Rosamond Howard, | : | |
| Appellants | : | |
| | : | |
| v. | : | No. 1439 C.D. 2021 |
| | : | |
| The Zoning Board of Adjustment of the City of Philadelphia and 514 South Street, LLC | : | |

**O R D E R**

AND NOW, this 23rd day of May, 2023, it is HEREBY ORDERED that Appellants Louis A. Ballezzi and Rosamond Howard's appeal is DISMISSED AS MOOT. It is FURTHER ORDERED that Appellee 514 South Street, LLC's Motion to Quash Appeal is also DISMISSED AS MOOT.

_____
ELLEN CEISLER, Judge