# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dorothy Soland, Daniel Soland, Mark Ouimet, and Anna Ouimet | : | |
| | : | |
| | : | |
| v. | : | No. 395 C.D. 2022 |
| | : | |
| Zoning Hearing Board of East Bradford Township and East Bradford Township Board of Supervisors and John Marshall and Dara Gans-Marshall | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| East Bradford Township Board of Supervisors | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| East Bradford Township Zoning Hearing Board and John Marshall and Dara Gans-Marshall | : | |
| | : | |
| | : | |
| Appeal of: John Marshall and Dara Gans-Marshall | : | |
| | : | |
| | | |
| Dorothy Soland, Daniel Soland, Mark Ouimet, and Anna Ouimet | : | |
| | : | |
| | : | |
| v. | : | No. 990 C.D. 2022 |
| | : | |
| Zoning Hearing Board of East Bradford Township and East Bradford Township Board of Supervisors and John Marshall and Dara Gans-Marshall | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Appeal of: John Marshall and Dara Gans-Marshall | : | Argued: June 5, 2023 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION BY**
**SENIOR JUDGE LEADBETTER**[1]                    **FILED: February 20, 2024**


John Marshall and Dara Gans-Marshall (Marshalls) appeal from the March 23, 2022 order of the Court of Common Pleas of Chester County, which reversed the grant of a variance by the East Bradford Township Zoning Hearing Board (ZHB). The variance relieved the Marshalls of the requirement that a bed and breakfast (B&B) estate utilize an owner-occupied building classified as a Class I historic resource for guest rooms, as provided in the East Bradford Township Zoning Ordinance.[2] The dispositive issue here is whether a use variance can ever be *de minimis*. After review, we reverse the order of the court of common pleas, which held that it cannot.

The Marshalls own real property located in the Township, which consists of 10.96 acres and contains a residential home known as the Paxson House and several structures, one of which has been used as a veterinary clinic (Tenant House). As noted above, Section 115-48.2(A) of the Ordinance restricts a B&B estate to buildings that qualify as owner-occupied Class I historic resources. Although the Paxson House is a Class I historic resource,[3] the Marshalls wished to

---

[1] This case was reassigned to the author on July 31, 2023.

[2] East Bradford Township, Pa., Ordinance § 115-48.2(A) (Oct. 11, 2016).

[3] Class I historic resources are defined in Section 115-122(A)(1) of the Ordinance, Ordinance § 115-122(A)(1). They include buildings, sites, structures and objects listed in the National Register of Historic Places or documented as contributing resources in a National Register Historic District, buildings and structures classified as certified historic structures by the Secretary of the United States Department of the Interior, and resources that have received a
**(Footnote continued on next page…)**

2

utilize the currently unoccupied Tenant House for the proposed B&B estate's guest rooms and use the Paxson House as their private residence. Therefore, the Marshalls sought a variance. The ZHB conducted a hearing on the matter on January 29, 2018.

During that hearing, the Marshalls testified that they have three children and a large extended family. The Marshalls wished to locate the proposed B&B estate's guest rooms in the Tenant House, so that their immediate family and relatives could stay overnight in the Paxson House, which would remain private. The Township zoning officer, Melissa Needles, stated that, while a B&B estate is normally located in "a historic house on the property . . . it's just a way to utilize a historic house." Reproduced Record (R.R.) at 90a. Ms. Needles indicated that the property was unusual, as it contained multiple buildings that she understood were "historic[.]" *Id.* at 89a-90a. The ZHB solicitor suggested that the existence of other buildings on the property provided "a good reason" to use the Tenant House for the guest room portion of the proposed B&B estate. *Id.* at 91a.

The ZHB granted the Marshalls' variance request in an opinion and order dated March 16, 2018. In its decision, the ZHB recognized that the reasons for granting a variance must be substantial, serious, and compelling; however, a variance may also be granted where the request is minor and not necessary to protect the Ordinance's public policy concerns. In support of its decision, the ZHB cited *Lench v. Zoning Board of Adjustment of Pittsburgh*, 13 A.3d 576 (Pa. Cmwlth. 2011), in which this Court held that a homeowner's request for a dimensional variance that would exceed the zoning code's 40-foot height restriction by 4 inches

---

determination of eligibility by the Pennsylvania Historical and Museum Commission or that have been deemed by the Chester County Historic Preservation Office as substantially meeting the National Register criteria. The East Bradford Township Board of Supervisors (Board) may also designate a resource of similar historical significance as a Class I historic resource.

was *de minimis* and appropriate. The ZHB considered the Marshalls' request to locate guest rooms in the Tenant House to be reasonable, because the proposed use as a B&B estate was in keeping with "the intent and spirit of the adaptive reuse of the historic structures upon the [p]roperty." R.R. at 20a-21a. The ZHB did not consider the general standard for the grant of variance relief, i.e., whether there existed an unnecessary hardship that prevented the property from being developed in strict conformity with the provisions of the zoning ordinance, such that a variance was necessary to permit the reasonable use of the property.[4] Thus the ZHB implicitly found that the requested variance was *de minimis* and concluded that the Marshalls demonstrated they were entitled to a variance that would permit use of the Tenant House for the proposed B&B estate.

Following various appeals and remand orders, the trial court entered an order reversing the ZHB's decision and granting the Solands' appeal.[5] The trial court held that the Marshalls failed to meet the general requirements stated above. The trial court deemed the Marshalls' desire to utilize the Tenant House for the proposed B&B estate's guest rooms and reserve the Paxson House for their private use was a self-created hardship that could be avoided through a reallocation of living space. The trial court rejected the ZHB's finding that the variance request was *de minimis*,

---

[4] *See* Section 910.2(a)(1)-(5) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2(a)(1)-(5).

[5] Daniel and Dorothy Soland, as well as Mark and Anna Ouimet, are neighboring property owners. The Ouimets also appealed from the ZHB's decision but were precluded from filing briefs or participating in oral argument due to their failure to file an appellate brief as directed.

4

holding that such variances were exclusively permitted with respect to the *dimensional* requirements of a zoning ordinance. These appeals followed.[6]

In this appeal, the Marshalls argue that the Solands had notice of the January 29, 2018 ZHB meeting but failed to appear and challenge the variance request; therefore, the Solands waived their right to appeal the ZHB's decision. They also argue that the Board appealed only the issue of notice and, thus, the Board has waived any remaining issues. Finally, the Marshalls argue that the ZHB properly granted their variance request. We need not address the relatively convoluted and non-jurisdictional issues of waiver and standing that attend the procedural history in this litigation in light of our decision regarding the dispositive final issue and, at all events, they are not properly before us.[7]

At the outset, the Marshalls suggest that a variance is not required, as they now maintain that the Tenant House is an owner-occupied structure. In support of this argument the Marshalls cite *John Marshall and Dara Gans-Marshall v. East Bradford Township Board of Supervisors and Daniel Soland and Dorothy Soland* (Pa. Cmwlth., No. 102 C.D. 2020, filed Feb. 17, 2021) (*Marshall I*), an earlier related appeal in which this Court reviewed whether the East Bradford Township Board of

---

[6] The Marshalls filed separate notices of appeal with this Court to reflect each land use appeal filed by the Solands and the Board. This Court consolidated the Marshalls' appeals by *per curiam* order dated October 28, 2022.

[7] This appeal arises from a trial court decision on remand from a prior appeal in this case, *Soland v. Zoning Hearing Bd. of East Bradford Twp.* (Pa. Cmwlth., No. 825 C.D. 2019, filed July 15, 2020) (*Soland I*). The scope of this Court's remand order did not encompass the issue of whether the Solands or the Board had standing to appeal the ZHB's decision, but rather was limited to determining whether the ZHB erred in granting the Marshalls a variance. Where a case is remanded for a specific and limited purpose, any issues that are not encompassed within the remand order may not be decided on remand. *In re Indep. Sch. Dist. Consisting of the Borough of Wheatland*, 912 A.2d 903, 908 (Pa. Cmwlth. 2006). Therefore, the trial court did not have such issues properly before it, nor do we.

Supervisors (Board) erred in denying the Marshalls' conditional use application after concluding that a barn located on the property (Barn), which the Marshalls intended to use for events held at the proposed B&B estate, was not owner-occupied.[8]

We reversed the trial court's order affirming the Board, noting that the Marshalls utilized the Barn for storage and to hold events. As a result, we concluded that the Barn was owner-occupied. We reject the Marshalls reasoning that, based on *Marshall I*, the Tenant House is owner-occupied. Unlike the Barn, there is no evidence to suggest that the Marshalls have utilized the Tenant House in any way, whether for storage, entertaining, or any other purpose. Therefore, the Marshalls have not established that the Tenant House is owner-occupied.

The Marshalls have also advanced the argument that locating the guest rooms in the Tenant House is appropriate because the structure is located on a "Class I historic [p]roperty[.]" Marshalls' Br. at 30. By their reasoning, utilizing the Tenant House, a Class II historic property,[9] for the proposed B&B estate's guest rooms serves the same purpose of preserving historic structures as would their use of a Class I historic resource. The Marshalls' argument ignores our explicit conclusions

_____

[8] As the Barn was already designated a Class I historic resource, if it also qualified as an owner-occupied structure, the Marshalls could include the Barn as part of the proposed B&B estate and utilize its square footage to calculate the proposed B&B estate's maximum occupancy, which the Marshalls indicated would not exceed 100 guests. After finding that the Barn was not owner-occupied, the Board concluded that the Marshalls could not meet the conditional use requirements for a B&B estate, including the requisite common area necessary for 100 guests. The Board also denied the Marshalls' conditional use application on the grounds that the proposed B&B estate would not comply with the Township's noise ordinance, and that issues remained concerning the proposed B&B estate's septic system, landscaping, parking, and structural capacity. The Marshalls appealed to the trial court, which affirmed the Board and held that the Barn was not owner-occupied. The trial court did not address the remaining issues.

[9] Class II historic resources are defined in Section 115-122(A)(3) of the Ordinance as buildings, sites, structures, objects, and districts that do not meet the criteria of a Class I historic resource but are determined to be of historical or architectural significance to the Township. Ordinance § 115-122(A)(3).

6

in *Marshall I* that the entire property was not a Class I historic resource as Class I historic resources require a specific designation, per Section 115-122.A(1)(a)(4) of the Ordinance, Ordinance § 115-122.A(1)(a)(4), and the Ordinance limits the buildings eligible for a B&B estate to owner-occupied Class I historic resources. Ordinance § 115-48.2(A). As the Tenant House is not an owner-occupied Class I historic resource, as required by Section 115-48.2(A), the Marshalls were obligated to seek a variance if they wish to utilize that structure for the proposed B&B estate's guest rooms.

In seeking a variance, the Marshalls have not sought relief from any dimensional requirements in the Ordinance. A dimensional variance involves a request to adjust a zoning ordinance for purposes of using the property in a manner consistent with the applicable regulations, whereas a use variance involves a proposal "to use property in a manner that is wholly outside zoning regulations." *Hertzberg v. Zoning Bd. of Adjustment of Pittsburgh*, 721 A.2d 43, 47 (Pa. 1998). The Marshalls' proposed use is clearly in the nature of a use variance, which the ZHB granted finding the deviation from the ordinance requirements to be *de minimis*. *Id*. Accordingly, the question presented here is whether the trial court erred as a matter of law in holding that a use variance could never be *de minimis*.

Contrary to the trial court, we hold that a use variance can be *de minimis*. Zoning hearing boards have discretion to grant or deny a *de minimis* variance where the variation requested is "minor and rigid compliance with the zoning ordinance is not necessary to protect public policy concerns." *Hawk v. City of Pittsburgh Zoning Bd. of Adjustment*, 38 A.3d 1061, 1066 (Pa. Cmwlth. 2012). *De minimis* variance relief has no set criteria and the grant of a *de minimis* variance depends upon the circumstances of each case. *Id.* Historically, application of the *de*

7

*minimis* variance doctrine has been exclusively applied in cases where "only minor deviations from dimensional zoning ordinances have been the basis for the variance sought." *Coyle v. City of Lebanon Zoning Hearing Bd.*, 135 A.3d 240, 245 (Pa. Cmwlth 2016). While the doctrine has been repeatedly rejected in use variance cases, *Coyle* and the cases cited therein do not create a rigid rule against applying the *de minimis* doctrine to use variances. Rather, they say only that such a variance has never been approved in the past, i.e., that there is no precedent for doing so, or that the court cannot conceive of a situation in which it would be appropriate.

The theory underlying the skepticism in applying the *de minimis* doctrine to use variances is that "the effect of a use variance on the public interest is greater than the effect of a minor deviation from a dimensional requirement." *Coyle,* 135 A.3d at 245.[10] However, this is not necessarily always the case, and we believe the present case proves the point.

---

[10] Another reason our Court may have hesitated to delve into the issue of *de minimis* use variances may be the difficulty in measuring degrees of difference, a problem not attendant to dimensional variances. As we noted with regard to use variances and the minimum variance criterion:

> As a practical matter, the minimum variance criterion applies to use variances despite the fact that, generally, "a use variance marks a qualitative rather than a quantitative departure from an existing ordinance" and *"*a minimum variance is [more] difficult to assess in use variance cases [than in] dimensional variance cases[.]" In other words, the minimum variance criterion is more readily and practically applicable to quantifiable restrictions, such as dimensional requirements (*i.e.*, distance or size), rather than those that are not quantifiable, as are most use restrictions . . . .

*In re Appeal of Ridge Park Civic Ass'n*, 240 A.3d 1029, 1033 (Pa. Cmwlth. 2020) [quoting *Paganico v. Zoning Hearing Bd. of the Mun. of Penn Hills*, 227 A.3d 949, 954-55 (Pa. Cmwlth. 2020)].

In support of its determination that the Marshalls were entitled to a variance, the ZHB noted that their request to locate guest rooms in the Tenant House was reasonable because the property's proposed use as a B&B estate was in keeping with the intent and spirit of the Ordinance. According to Ms. Needles, the Township zoning officer, a B&B estate is generally located in "a historic house" as a means of utilizing that structure. January 29, 2018 Hearing, Notes of Testimony (N.T.) at 11; R.R. at 90a. The ZHB solicitor considered the presence of additional structures on the property as "a good reason to" locate guest rooms in the Tenant House. Although the Tenant House itself is not classified as a Class I historic resource, the entire 10-acre property is listed as a Class I historic property on the Township's Historic Resources map and besides the Paxson House there is at least one other Class I historic resource structure on the property (the Barn, which the Marshalls planned to use for events). The Tenant House cannot be seen from the road. Further, the proposed B&B estate would be permitted under the Ordinance as a conditional use if the Marshalls would utilize Paxson House to lodge guests rather than the Tenant House. Thus, the variance requested is more technical than substantial. Indeed, in finding the variance to be essentially *de minimis*, the ZHB found that the proposed use fell within the intent of the Ordinance even though it was technically barred. It stated that "[t]he request to utilize the tenant dwelling for the guest rooms, as opposed to the main dwelling is a reasonable request and *in keeping with the proposed B*[*&B*] [*e*]*state use. . . .* The use of the tenant dwelling for guest rooms, while not owner-occupied, is certainly in keeping with the *intent and spirit* of the adaptive reuse of the historic structures upon the property." March 16, 2018 ZHB Decision at 5-6; R.R. at 20a-21a (emphasis added). Thus the variance approved by the ZHB poses no adverse effect on the public interest.

Application of the *de minimis* doctrine to use variance requests would, and should, be rare and limited to extraordinary situations like the one at bar. As discussed above, this case presents such circumstances. Accordingly, we reverse the decision of the trial court and reinstate that of the ZHB with respect to the *de minimis* use variance. Accordingly, we reverse the order of the trial court.

 

 

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

Judge Fizzano Cannon did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dorothy Soland, Daniel Soland, | : | |
| Mark Ouimet, and Anna Ouimet | : | |
| | : | |
| v. | : | No. 395 C.D. 2022 |
| | : | |
| Zoning Hearing Board of East | : | |
| Bradford Township and East | : | |
| Bradford Township Board of | : | |
| Supervisors and John Marshall and | : | |
| Dara Gans-Marshall | : | |
| | | |
| East Bradford Township Board of | : | |
| Supervisors | : | |
| | : | |
| v. | : | |
| | : | |
| East Bradford Township Zoning | : | |
| Hearing Board and John Marshall and | : | |
| Dara Gans-Marshall | : | |
| | : | |
| Appeal of: John Marshall and | : | |
| Dara Gans-Marshall | : | |
| | | |
| | | |
| Dorothy Soland, Daniel Soland, | : | |
| Mark Ouimet, and Anna Ouimet | : | |
| | : | |
| v. | : | No. 990 C.D. 2022 |
| | : | |
| Zoning Hearing Board of | : | |
| East Bradford Township | : | |
| and East Bradford Township | : | |
| Board of Supervisors and | : | |
| John Marshall and Dara | : | |
| Gans-Marshall | : | |
| | : | |
| Appeal of: John Marshall and | : | |
| Dara Gans-Marshall | : | |

# **O R D E R**

AND NOW, this 20th day of February, 2024, the March 23, 2022 order of the Court of Common Pleas of Chester County is hereby REVERSED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dorothy Soland, Daniel Soland, : 
Mark Ouimet, and Anna Ouimet :
 :
     v. : No. 395 C.D. 2022
 :
Zoning Hearing Board of East :
Bradford Township and East :
Bradford Township Board of :
Supervisors and John Marshall and :
Dara Gans-Marshall :

East Bradford Township Board of :
Supervisors :
 :
     v. :
 :
East Bradford Township Zoning :
Hearing Board and John Marshall and :
Dara Gans-Marshall :
 :
Appeal of: John Marshall and :
Dara Gans-Marshall :


Dorothy Soland, Daniel Soland, :
Mark Ouimet, and Anna Ouimet :
 :
     v. : No. 990 C.D. 2022
 :
Zoning Hearing Board of :
East Bradford Township :
and East Bradford Township :
Board of Supervisors and :
John Marshall and Dara :
Gans-Marshall :
 :
Appeal of: John Marshall and :
Dara Gans-Marshall : Argued: June 5, 2023

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

DISSENTING OPINION
BY JUDGE CEISLER                          FILED:  February 20, 2024

While I agree with the majority that the *de minimis* variance doctrine may extend to include a use variance, I disagree with its application in the instant appeal. As a result, I respectfully dissent with the majority's conclusion that locating guest rooms for the proposed bed and breakfast estate (B&B) in the Tenant House, a non-owner-occupied building, is a minor deviation from the requirement in Section 115-48.2(A) of the East Bradford Township (Township) Zoning Ordinance (Ordinance)[1] that the B&B utilize an owner-occupied structure.

As the majority notes, a *de minimis* variance is appropriate where the variation requested is "minor and rigid compliance with the zoning ordinance is not necessary to protect public policy concerns." *Hawk v. City of Pittsburgh Zoning Bd. of Adjustment*, 38 A.3d 1061, 1066 (Pa. Cmwlth. 2012). While a dimensional variance involves a request to adjust a zoning ordinance for purposes of using the property in a manner consistent with the applicable regulations, a use variance involves a proposal "to use property in a manner that is wholly outside zoning regulations." Ordinance § 115-48.2(J). *Hertzberg v. Zoning Bd. of Adjustment of Pittsburgh*, 721 A.2d 43, 47 (Pa. 1998). Pennsylvania courts have regularly rejected application of the *de minimis* variance doctrine because the effect of a use variance on the public interest is greater than the effect of a minor deviation from a dimensional requirement. *Coyle v. City of Lebanon Zoning Hearing Bd.*, 135 A.3d 240, 246 (Pa. Cmwlth 2016).

---

[1] East Bradford Township, Pa., Ordinance § 115-48.2(A) (October 11, 2016).

The Tenant House is not owner-occupied, as John Marshall and Dara Gans-Marshall (Marshalls) have not used that structure for any purpose, and they do not intend to reside in that building.  Additionally, the Tenant House is not a Class I historic resource, which is also a requirement of Section 115-48.2(A) of the Ordinance. Rather, the Tenant House has been designated a Class II historic resource.  Therefore, to locate guest rooms for their B&B in the Tenant House, the Marshalls are obligated to get variance relief from the Class I historic resource requirement in Section 115-48.2(A).  Utilizing a Class II historic resource, instead of a Class I historic resource, would be an appropriate use of the *de minimis* variance doctrine because Section 115-120(A) of the Ordinance expresses a public policy determination that the public interest is served through preservation of Class II historic resources.  Including the Tenant House as part of the proposed B&B would presumably lead to its preservation, which furthers the public policy determination identified in Section 115-120(A).

It is unclear, however, what public policy interest is furthered by granting the Marshalls relief from the owner-occupied requirements of Section 115-48.2(A). Indeed, Section 115-48.2(J) of the Ordinance emphasizes the owner-occupied requirement by mandating the submission of "scaled drawings of the floors of the dwelling [that] indicate the owner's living areas, overnight guest rooms/suites[,] and common area[.]"  Quite simply, I am hard pressed to differentiate a B&B that utilizes a non-owner-occupied structure for its guest rooms from a motel.

For these reasons, I would affirm the March 23, 2022 order of the Court of Common Pleas of Chester County (trial court), which reversed the *de minimis* variance relief granted by the Township Zoning Hearing Board (ZHB).[2]

_____

ELLEN CEISLER, Judge

---

[2] Because the majority reverses the trial court, it does not address the issue of standing raised by the Marshalls. I would reject the Marshalls' standing arguments, as their failure to comply with the notice provisions in the Ordinance directly led to the Solands' failure to challenge the Marshalls' variance request before the ZHB. Thus, the Solands had standing to appeal the ZHB's decision granting variance relief to the trial court. The Board, having intervened in the Solands' land use appeal, likewise had standing to contest the ZHB's decision.